**VALLEY FINANCE COMPANY, Plaintiff-Appellant, v. CAMPANA, Clerk of Courts, Trumbull County, Defendant-Appellee.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1450.   Decided June 10, 1960.

Theodore T. Macejko, for plaintiff-appellant.

Charles H. Anderson, Pros. Atty., J. Don Campbell, Asst. Pros. Atty., Warren, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, SKEEL, J, of the Eighth District, sitting by designation in the Seventh District.)

**OPINION**

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered on the verdict returned by direction of the Court of Common Pleas of Trumbull County. The action is one seeking damages claimed to have been suffered because of the alleged negligence of the defendant in discharging her duties as Clerk of Courts of Trumbull County. It is alleged that the defendant, as Clerk of Courts of Trumbull County, is charged with the duty of issuing and keeping the official records of certificates of title to automobiles as provided by **Chapter 4505 R. C.** It is alleged further that at all times the defendant delegated the management of the automobile title department of her office to one Dana M. Bailey who directed the work of the other employees in said department.

It is alleged that on October 30, 1956, a duplicate certificate of title in the name of Howard Dykes for a certain 1955 Ford automobile was presented by plaintiff to one of the employees of the defendant for the purpose of noting a lien thereon; that on that day a lien of $876.51 was noted in favor of the plaintiff and the certificate returned to it. Five days later, it is alleged the said duplicate certificate was again presented to the defendant to have the aforesaid lien cancelled, which was done, and the duplicate certificate returned to the plaintiff. The plaintiff

further alleges that the automobile represented by such duplicate certificate was then sold to Joan Cheza, who, within thirty days, sold it to one John Wineberg for a purchase price of $1200.00. Subsequent thereto, both Wineberg and Cheza were notified by the State Motor Vehicle Registrar that their duplicate certificates of title were cancelled.

It is alleged that defendant's appointed agents, acting within the scope of their authority, failed to notify the plaintiff on October 30, 1956, that the duplicate certificate of title upon which the lien was noted in the Trumbull County Motor Vehicle Title Department was of no effect.

It is also alleged that at the time it presented said duplicate certificate of title for the notation of a lien, the defendant had in her possession the original title to said Ford automobile; that by failure to exercise ordinary care to notify plaintiff, plaintiff loaned $1076.51 to Joan Cheza and later advanced $1200.00 to John Wineberg and by reason of "the cancellation of February 5, 1957, plaintiff was damaged and lost the sum of twelve hundred dollars ($1200.00)."

It is also alleged that the defendant failed to retain duplicate title No. 1 on October 30, 1956, and on November 5, 1956, when they had actual knowledge that the original title evidencing ownership of the said 1955 Ford was in her possession and by reason of said negligence and omission (which was the proximate cause of plaintiff's damage), the plaintiff sustained a loss of $1200.00.

The defendant's answer admits plaintiff's corporate capacity, the character of its business and that defendant is the Clerk of Courts of Trumbull County and as such officer, is by law charged with the duties of a county clerk of courts to administer the Motor Vehicle Title Law (**Chapter 4505 R. C.**). The defendant then denies all the other claims of the plaintiff.

From the judgment entered for the defendant, the plaintiff claims the following errors:

"1. That the verdict and judgment are contrary to law.

"2. That the verdict of the jury was against the manifest weight of the evidence.

"3. For error of the trial court in sustaining defendant-appellee's motion for a directed verdict at the close of plaintiff's evidence.

"4. For error of the trial court in refusing to submit and allow the issues of fact raised in the pleadings to be submitted to the jury.

"5. For error of the trial court in ruling that as a matter of law plaintiff-appellant was not damaged.

"6. For error committed by the trial court in finding that the defendant-appellee as a matter of law owed no duty as a public official in charge of the Title Department to plaintiff-appellant.

"7. That the trial court erred when it disregarded issues of fact and endeavored to rule as a matter of law that plaintiff-appellant had no cause of action.

"8. Error committed by the court when it prevented plaintiff-appellant from having a fair and impartial trial of all of the issues presented by the evidence and defined in its petition.

"9. Other errors appearing in the record to which exceptions were taken at the time."

The evidence, most of which is of record, establishes the following facts:

A certificate of title for a 1955 Ford automobile (the title papers of which form the basis of this action) was issued to Lawrence Horden by the defendant on February 21, 1955, based on the Manufacturer's Certificate. It was assigned to Harold Dykes and a new original certificate of title was issued to him on September 7, 1956. On September 18, 1956, Dykes applied for a duplicate certificate of title which was issued to him by a deputy clerk of courts of Trumbull County, Motor Vehicle Title Division, upon his (Dykes) affidavit that the original was lost. (Sec. 4505.12 R. C.). No lien was noted on the duplicate certificate of title No. 1 when issued to Harold Dykes. On October 4, 1956, the original certificate of title, which Dykes had stated in his affidavit was lost, was received by the title bureau in the office of the Clerk of Courts of Trumbull County from Approved Finance, Inc. of Akron, Ohio, to have a lien noted thereon. The bureau notified Approved Finance, Inc. of Akron, Ohio, that a duplicate certificate of title for the Ford automobile had been issued; that the original certificate was being retained by the bureau and that the duplicate certificate of title should be sent in if a lien is to be noted on the title papers of said Ford automobile. This letter is dated October 4, 1956.

On October 11, 1956, Harold R. Dykes filed a second affidavit with the Automobile Title Bureau of the Clerk of Courts of Trumbull County to the effect that the duplicate certificate of title (No. 1) issued by the Bureau on September 18, 1956, had been destroyed by fire and upon the authority of such affidavit, a duplicate certificate of title (No. 2) for said Ford was issued. On October 24, 1956, duplicate certificate No. 2 was received by the Clerk of Courts of Trumbull County from Approved Finance, Inc. of Akron, Ohio, to have a lien of $2026.80 noted, which was done, and the duplicate certificate of title No. 2 returned to the finance company.

On October 30, 1956, duplicate certificate of title No. 1, for said Ford automobile, was received by the Clerk of Courts of Trumbull County from the plaintiff, The Valley Finance Co. of Youngstown, Ohio, to have a lien noted for $876.51, which duplicate certificate of title No. 1, with lien noted thereon, was returned to the plaintiff, not then being discovered by the Clerk of Courts of Trumbull County that duplicate certificate of title No. 2, for said automobile had been issued by that office on October 11, 1956. On November 4, 1956, duplicate certificate of title No. 1 was again received from the plaintiff by the Clerk of Courts of Trumbull County to have the lien noted on October 30, 1956, cancelled, which was done, and the duplicate certificate of title No. 1 was again returned to the plaintiff without mention being made that such certificate of title had been replaced by duplicate certificate of title No. 2.

Prior to the time plaintiff delivered duplicate certificate of title No. 1 to the Clerk of Courts of Trumbull County on October 30, 1956, and in explanation of the debt due plaintiff for which the lien was noted,

such certificate had been delivered by Dykes to the Mahoning National Bank to secure a debt of $297.83. Dykes was also then indebted to the plaintiff in the sum of $576.95. The plaintiff, by agreement with Dykes, paid the Mahoning National Bank $297.83 and received possession of said duplicate certificate No. 1 as security for the total debt claimed by plaintiff to be $876.51.

A witness describing himself as "Owner" of the plaintiff, testified that Dykes, who also owed the plaintiff two hundred dollars on a bad check, could not meet his debt to plaintiff and agreed and did surrender the Ford automobile to the plaintiff's possession and assigned duplicate certificate of title No. 1 to it as evidence of the title. The plaintiff then sold the Ford to one of its employees who surrendered duplicate certificate of title No. 1 to the Clerk of Courts of Mahoning County for a new duplicate certificate of title for the Ford automobile which new duplicate certificate plaintiff continued to hold. A new duplicate certificate of title was then issued by the Clerk of Courts of Mahoning County to a subsequent purchaser and held by the plaintiff for the sale price and the worthless check of $200 of Dykes. On February 5, 1957, the Registrar of the Bureau of Motor Vehicles of Ohio cancelled these certificates as "issued from incorrect previous evidence" under the authority of §4505.02 R. C.

It is clear from the foregoing recital of all of the uncontroverted evidence presented by the plaintiff that it has completely failed to support the allegations of its petition. The claim set out in the pleadings is based on the alleged negligence of the defendant in failing to retain duplicate certificate of title No. 1 on October 30, 1956, "when they had actual knowledge that the original title evidencing ownership of said 1955 Ford four door Sedan was in their possession." Duplicate certificate of title No. 2 is not mentioned in the petition nor was there a request to amend the petition either before or after judgment. The judgment for the defendant was proper on the ground that the petition did not state a cause of action. If the facts pleaded were true, the title to the automobile was represented by duplicate certificate of title No. 1 and the plaintiff, therefore, would have been completely protected against loss or damage to the extent of the security of the automobile.

Even if plaintiff's evidence was based on proper pleadings, the court's direction to the jury to return a verdict for the defendant, on which judgment was entered after all the evidence was presented on plaintiff's case, was proper under the admitted facts. The plaintiff's claim is based entirely on the proposition that the Clerk of Courts owed the duty to pick up duplicate certificate of title No. 1 to the Ford automobile here involved on either October 30 or November 4, 1956, when the plaintiff presented it for notation of a lien and to have the lien cancelled, because, prior thereto, said clerk had issued duplicate certificate of title No. 2 upon the affidavit of Dykes as required by law, which, when issued, represented the title to the Ford automobile therein described.

Sec. 4505.02 R. C., defines the duties of the Registrar of Motor Vehicles:

1. To issue rules and regulations deemed necessary to insure uniform and orderly operation of **Chapter 4505 R. C.**

2. The Clerks of the Courts of Common Pleas shall conform thereto.

3. He shall receive and file in his office all instruments forwarded to him by such clerks.

4. He shall maintain an index covering the state at large for the instruments filed.

5. Such index shall be by motor number and alphabetically by name of owner.

6. The Registrar shall check with his record all duplicate certificates of title received in his office from such clerks.

7. If it appears that a certificate of title has been improperly issued, the Registrar shall cancel such certificate.

In issuing certificates of title, §4505.08 **R. C.**, directs the Clerk of Courts to:

1. Issue such certificates of title in triplicate, one copy to be filed in his office, one copy to be sent to the registrar in Columbus on the day it is issued and the original delivered to the owner or first lienholder.

2. The clerk is required to file all certificates of title according to regulations to be prescribed by the Registrar and the clerk shall maintain in his office indexes for such certificates of title.

**Sec. 4505.12 R. C.**, provides for issuing certified copies or duplicates of certificates of title. In the event of the loss or destruction of a certificate of title for an automobile, the clerk of courts (Common Pleas) of the county where such certificate of title was issued is authorized to issue, upon the sworn application of the owner or lienholder, a certified copy of such lost or destroyed certificate plainly marked "Duplicate."

The statute requires:

1. That an application (on a form and accompanied with a fee as prescribed by §4505.09 **R. C.**), signed and sworn to by the person making the same (either the owner or a lien holder) is required to be filed with the Clerk of Courts.

2. Whereupon the clerk **shall** issue a certified copy of the certificate of title to the person entitled to receive it under §4505.01 to §4505.19 inclusive, **R. C.**

3. Such certified copy shall be marked "Duplicate Copy."

4. Subsequent purchasers of such motor vehicle originating through such certified copy acquire only such rights in the motor vehicle as the original holder of said certified copy himself had.

The foregoing provisions of **Chapter 4505 R. C.**, outline in detail the duties of the Clerk of Common Pleas Court in issuing "duplicate copies" of lost or destroyed certificates of title for motor vehicles. There is no evidence in the record that even suggests that there was a duty imposed on the defendant by law which she failed to perform.

The failure of the plaintiff to protect its interests as provided by law does not shift such duty to the defendant. If there were any duties imposed upon the clerk by the regulations adopted by the Registrar of Motor Vehicles, they were not brought into the record. There is no suggestion that the plaintiff could not have completely protected its interests (as contemplated by the statute), by an examination of the de-

582

fendant's records available to it and by such other investigation it cared to make when, in the face of the certificate of title, it was plainly marked "Duplicate copy."

For the reasons herein set out, the judgment of the Court of Common Pleas of Trumbull County is affirmed.

DOYLE, PJ, HUNSICKER, J, concur.