SIDNEY J. CATTS, AS GOVERNOR OF THE STATE OF FLORIDA, FOR THE USE OF LAFAYETTE COUNTY, *Plaintiff in Error,* v. J. W. WINBURN, *Defendant in Error.*

Opinion Filed Filed May 19, 1921.

Petition for Rehearing Denied June 22, 1921.

1. The law in force at the time of the execution of an official bond, giving it a certain legal effect is part of the bond, and the sureties are considered as having known the law and as having made their engagements in reference thereto.

2. Official bonds cover not merely duties imposed by existing law, but duties belonging to and naturally connected with the office, imposed by subsequent laws, although the new duties should bear some relation to or connection with such office and not be disconnected from and foreign thereto. The reason for this rule is that continued power of the Legislature to change the duties of officers is known to the officer and his sureties; and the officer accepts the office, and the sureties execute the bond, with this knowledge.

3. A bond conditioned for the discharge of the duties of the office should be understood, not as being restricted to duties as then prescribed by law, but as embracing the duties of the office as from time to time fixed and regulated by the Legislature.

4. While the obligation of the sureties on official bonds' should not be extended beyond the fair meaning of the language used, yet the law in force is a part of the bond and the terms used should be fairly construed to accomplish the security designed, within the scope of the language used taken with controlling provisions of law covering the subject.

5. The statute makes it the duty of a Clerk of the Circuit Court "to pay all sums officially received by him into the State or county treasury promptly;" and where the statute prescribes that the official bond of a Clerk of the Circuit Court "shall be conditioned for the faithful discharge of the duties of his office," and the bond given provides that such Clerk "shall diligently and faithfully perform all the duties of his said office, as prescribed by law," the obligation of the bond covers filing fees of candidates in primary elections paid to the Clerk for the couny under a statute enacted subsequent to the giving of the bond, and during the term for which the official bond was given.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Reversed.

*C. C. Howell* and *W. P. Chacous*, for Plaintiff in Error;

*John F. Harrell* and *J. M. Gornto*, for Defendant in Error.

WHITFIELD, J.—In an action against one of the sureties on the official bond of a Clerk of the Circuit Court, a

demurrer to the amended declaration was sustained, and the plaintiff declining to further plead, judgment on demurrer was rendered for the defendant. Plaintiff took writ of error.

The statute provides that the official bond of the Clerk of the Circuit Court "shall be conditioned for the faithful discharge of the duties of his office." Sec. 1821, Gen. Stats., 1906, Compiled Laws, 1914, Sec. 3066, Rev. Gen. Stats., 1920.

The condition of the official bond of the Clerk of the Circuit Court sued on is that the principal "shall diligently and faithfully perform all the duties of his said office as prescribed by law." The bond was duly approved and filed.

The law in force at the time of the execution of an official bond, giving it a certain legal effect, is part of the bond, and the sureties are considered as having known the law and as having made their engagements in reference thereto. Therefore, if after an officer has been elected, given bond and assumed the duties of the office a statute is enacted imposing on him new and additional duties of collecting and accounting for public funds, and such duties are not considered germane to his original office, the sureties on his official bond are not liable for the non-performance by him of the new and additional duties thus imposed. Yet official bonds cover not merely duties imposed by existing law, but duties belonging to and naturally connected with their office, imposed by subsequent laws, although the new duties should bear some relation to or connection with such office and not be disconnected from and foreign thereto. The reason for this rule is that continued power of the Legislature to change the duties of officers is known to the officer and his sure-

ties; and the officer accepts the office, and the sureties execute the bond, with this knowledge.. Hence a bond conditioned for the discharge of the duties of the office should in like manner be understood, not as restricted to duties as then prescribed by law, but as embracing the duties of the office as from time to time fixed and regulated by the Legislature. Accordingly it has been held that the sureties of an officer are liable for moneys received by him under an act passed subsequently to the execution of their bond. 22 R. C. L., Sec. 186.

The liability of the obligors on the official bond of a constable is to be determined by the terms of the bond itself, and such terms cannot be extended beyond the reasonable meaning thereof construed with reference to the purposes contemplated by the law requiring the bond. Jennings, Governor, v. Bobe, 51 Fla. 229, 40 South. Rep. 194, 120 Am. St. Rep. 156; 22 R. C. L. 519.

At the time the bond in this case was executed in 1912, the official duties of the Clerk of the Circuit Court included those of receiving and accounting for money belonging to the State and county as well as to individuals, and a statute made it the duty of such officer "to pay all sums officially received by him into the State or county treasury promptly." Chap. 6205, Acts of 1911, Sec. 30 La, Compiled Laws, 1914, Sec. 406, Rev. Gen. Stats., 1920. Subsequently a statute required the payment to the Clerk of the Circuit Court in his official capacity filing fees of candidates in primary elections held under the statute, and these fees belonged to the county. Secs. 24 and 26, Chap. 6469, Acts of 1913, Compiled Laws, 1914, Sec. 330, Rev. Gen. Stats., 1920. The Constitution provides that the Clerk of the Circuit Court shall be Clerk of the Board of County Commissioners.

While the obligation of the sureties on official bonds should not be extended beyond the fair meaning of the language used, yet the law in force is a part of the bond and the terms used should be fairly construed to accomplish the security designed, within the scope of the language used taken with controlling provisions of law covering the subject.

The statute of 1913 enacted after the execution of the bond did not change the nature of the duties of the Clerks of the Circuit Court, and the duty imposed by that Act merely added duties similar to those already imposed by law on such clerks. The surety convenanted that his principal, the clerk, ''shall diligently and faithfully perform all the duties of his said office as prescribed by law.'' This covered duties then and thereafter prescribed by law at least when the new duties are of the same general nature as the old ones.

The reasonable meaning of the bond construed with reference to the purposes contemplated by the law requiring the bond, of which purpose the surety must be held to have known, gives to the bond an intended scope that clearly covers the liability here alleged. This being so, the demurrer should have been overruled.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.