MADDOX, APPELLEE, *v.* ASTRO INVESTMENTS, APPELLANT.

[Cite as Maddox v. Astro Investments (1975),
45 Ohio App. 2d 203.]

(No. 201—Decided May 21, 1975.)

*Mr. William E. Rathman,* for appellee Walter R. Maddox.

*Mr. Donald Lane,* prosecuting attorney, and *Mr. Richard G. Denny,* for Third Party Defendant-Appellee, Emma I. Snyder.

*Mr. Daniel G. Fisher,* for appellant.

McBride, J. This appeal raises two questions: What is the effect of a certificate of judgment as a lien after it is filed by the clerk and before it is docketed and indexed, and what is the liability of the clerk to one who is injured thereby where a certificate of judgment is filed but the docketing and indexing is completed on a later date.

A certificate of judgment, issued by the Eaton Municipal Court was filed with the clerk of the Court of Common Pleas of Preble County on May 23, 1973, at 3:41 p. m. The original, returned to the Eaton Municipal Court on May 25, 1973, indicates that the record of its filing in the Court of Common Pleas appears in judgment docket 1 at page 438. The evidence is not clear when the docketing was performed, but it is undisputed that the indexing was not made until June 4, 1973, when the deputy clerk in charge of the assignment returned from a one-week vacation.

The title to the land of the judgment debtor was examined at 1 p. m. on May 23 1973, prior to the 3:41 p. m. filing time of the certification. The records were examined again on May 25 1973, in preparation for a May 26, 1973, closing and pay-off. The certificate of judgment referred to above was not indexed and was not discovered. Later, on May 29, 1973, the lien records were examined again in connection with the filing of deeds and releases, with the same lack of discovery of the disputed lien. At a later date, the attorney for the judgment debtor inquired as to why his lien had not been paid. This led to the discovery that the certificate of lien, filed May 23, 1973, had never been indexed.

A second attorney examined the title on May 23, 1973, at 11 A. M., before the lien was filed. The closing was held on Saturday, May 26, 1973, a day on which the courthouse was closed. Monday, May 28th was Memorial Day. On or subsequent to May 29, 1973, he rechecked the title and did not find a record of the certificate of judgment in question. We must assume that he relied exclusively upon the index.

The clerk of courts testified that the lien filed May 23, 1973, was entered in the docket some time prior to the return of the original to the Eaton Municipal Court late in

the day on May 25, 1973. On that Friday, a deputy clerk was leaving on a week's vacation and work in progress was brought up to date. Since the docketing could not be completed without the original, it must be assumed that the docketing of the lien was completed some time on or before late Friday, May 25, 1973, the exact day and hour being unknown. The following week it came to the attention of the clerk that this judgment lien had not been entered in the index. The clerk stated that if she had taken the filing she would have "automatically" indexed it herself, but since a deputy had received this one she waited until her return from vacation because "it would be more impressive if she done it herself." The clerk testified that the usual practice is to docket and index liens before returning the certificate of judgment to the issuing court. The indexing was not performed until June 4, 1973.

It should be noted here that because the closing was held on May 26, 1973, and the damage was done on that date, the further delay in indexing until June 4, 1973, is of no consequence to the immediate parties even though it does appear that there were other conveyances of portions of the judgment debtor's real estate.

## I.

The first issue to which attention is directed is the validity and priority of the lien of a certificate of judgment that is properly filed and probably docketed but not indexed prior to other title and lien claims. A certificate of judgment is a standard form containing a summary of the pertinent facts, required by statute, to give notice to the public of the existence of a lien upon real estate in the county arising out of a judgment of the same court or certain other courts or agencies. R. C. 2329.02. A brief outline of the procedure involved will be helpful.

The manual steps include the filing, docketing and indexing of the certificate. Filing is the delivery to the clerk, accompanied by a required fee, and its acceptance, indicated by a time stamp which records the date, hour and minute received. At this point, a number may be assigned and a docket volume and page number reserved for this certi-

cate; however, this is a part of the docketing procedure. Docketing is the recording of the full certificate in a book for that purpose. This may be done by a photographic process, by manual typing, or by the writing or typing of the information contained in the certificate onto similar standard printed blank forms in the docket book. Indexing is the entry of the names of the parties alphabetically in a suitable index in the docket book or in a separate judgment index suitable for more than one docket book, and the insertion, in the index, of the appropriate reference to the docket book and page where each respective certificate is located.

There is a normal time lapse of a few minutes from the time of filing to the completion of the successive details required for docketing and indexing. If several certificates are filed at the same moment, the time lapse increases proportionally. If, because of other business, the work of the clerk is interrupted the delay may be longer. If not completed by the closing hour and not performed after hours, the lapsing time becomes an ever increasing danger that the public will not receive the statutory notice of the lien upon real estate of the judgment debtor.

Persons acquainted with such filings are or should be familiar with local practices in their county and able to inquire and locate the work in progress to discover filings which have been received but have not yet been docketed or indexed. The records in the docket are on a clerk's desk awaiting entry onto the docket and are available to the public. This is not to say, however, that the problems and procedures are uniform in all counties. For example, the record indicates that at times only one person was available in the clerk's office and she had multiple duties to perform. In a larger county there would be a larger staff and one or more persons assigned to each duty of the clerk. Working on a single docket book is a one person operation. In other counties, the method of docketing and indexing may be simplified or computerized. If, as is the condition in Montgomery County, the index is prepared by a computer, the index is not currently complete

until the information is entered and printed out. Under these conditions the index printout is not received until the morning of the next business day. The time lapse on the printout amounts to a full business day unless a processing unit is located in the clerk's office. If the information on the filing is not entered in the computer at the time of filing or there is a computer failure, the time lapse is extended a full day for each day of delay. A delay of more than to the next day may be described as an ''hiatus'' rather than a lapse. This may explain the use of the word ''hiatus'' by the trial judge in the instant case to explain the delay from the filing of the certificate of judgment on May 23, 1973, to its indexing on June 4, 1973.

R. C. 2329.02 provides:

''Any judgment * * * shall be a lien upon lands * * * within any county of the state from the time there is *filed* in the office of the clerk of the court of common pleas of such county a certification of such judgment, setting forth * * * .''

''*When any such certificate is delivered to the clerk* of the court of common pleas of any county in this state, *the. same shall be filed* by such clerk, *and he shall docket and index it* under the names of the judgment creditors and the judgment debtors in a judgment docket * * *.'' (Emphasis added.)

*The only possible construction that can be drawn from this section is that the judgment becomes a lien from the moment that it is delivered and filed with the clerk, regardless of the time when it is docketed and indexed.* Where, as here, there is no intention on the part of the legislature in the first paragraph of R. C. 2329.09 to make the docketing and indexing a condition to the existence of a lien, the filing alone is sufficient.

As to the county recorder, the Ohio Supreme Court has stated that an index to the record of a conveyance is not necessary to make the record effective as constructive notice to a subsequent purchaser; and where such purchaser has been misled, to his injury, by the neglect of the county recorder to make such index, his remedy is

against the county recorder. *Green* v. *Garrington,* 16 Ohio St. 549; Ohio Atty. Gen. Op. 70-077. Accordingly, the first assignment of error is denied. The judgment finding that the certificate of judgment filed May 23, 1973 was valid as of that date is affirmed.

## II.

In the second assignment of error, defendant claims error in the finding that the clerk was not negligent and in the judgment denying the third party Complaint against the clerk. Continuing the discussion of R. C. 2329.02, the fourth paragraph answers the question of when each of the three steps, filing, docketing and indexing, shall be performed.

*The statute requires that a certificate of judgment shall be filed, docketed and indexed "when any such certificate is delivered to the clerk of the court of common pleas."* This section does not postpone the time for docketing and indexing. The language specifying the time when the work is to be performed applies to each conjunctive act. This case demonstrates the danger incident to delay or omission in the performance of each of these ministerial steps.

In the instant case, we are not concerned with a momentary interruption, but with a certificate delivered at 3:41 p. m. on May 23, 1973, and not indexed at or after the close of business on that day and still not indexed at any time on the succeeding days of May 24th and 25th. This omission to perform a statutory duty to docket and index so long after the time *when the certificate of judgment was delivered* constitutes negligence as a matter of law.

This court is not unaware of the seriousness of this conclusion or of the practical problems of court clerks. Unlike other county officers, their duties are scrambled among many chapters related to judicial proceedings. For example, the chapter relating to county recorders provides, in R. C. 317.33, that such officer is liable on his bond:

"If [he] * * * fails to *index* a deed or other instrument of writing, by the morning of the day next after it is filed for record; or neglects, without good excuse, to *record* a deed or other instrument of writing within twenty days

after it is received for record * * *." (Emphasis added.)

Since this section relates to the liability on the bond of a county recorder, it is not available to the clerks of courts of common pleas. However, it suggests the critical significance of the index as compared with the completion of the record of the instrument. Once the index is made, it is notice whether the instrument is in the docket book or still in the office awaiting typing or photographing.

If the construction this court places upon the necessity for indexing *when* the certificate is delivered is correct, it means that at the moment of filing it is of the utmost importance that the clerk immediately reserve and assign a volume and page number to the certificate and forthwith manually complete the indexing even though the docket record is made later. This is the only method by which the public can be made aware of the filing of the lien *when* it is delivered or within a brief moment later. This is similarly important, indeed vital, for those offices using computers, if the indexing information is not available until the next morning. A daily index of some temporary nature appears to be a necessity for use until the computer printout of the index is available at the clerk's office.

A clerk of courts is liable in a civil action for a negligent omission to perform a statutory duty which proximately causes injury to another, unless the injured party was contributorily negligent. 14 Ohio Jurisprudence 2d 488, Courts, Section 70; 14 Corpus Juris Secundum 1250, 1252, 1261, Clerks of Courts; 15 American Jurisprudence 2d 532, Clerks of Court, Section 27; *Stark Electric R. R. Co.* v. *McKean*, 17 N. P. (NS), 593, 596 (failure to issue summons); *Fairchild* v. *Keith*, 29 Ohio St. 156; *Valley Finance Co.* v. *Campana*, 112 Ohio App. 405 (failure to examine available records).

The judgment of the trial court finding an absence of neglect by the clerk is reversed as a matter of law. There is no finding and no consideration by the trial court of the issues of proximate cause, contributory negligence or damages. The record does not justify a finding of these factual issues on appeal.

The judgment is affirmed sustaining the validity of the

lien. The judgment on the third party Complaint is reversed and remanded for new trial.

*Judgment accordingly.*

SHERER, J., concurs.

KERNS, P. J., concurring in part and dissenting in part. I concur in the judgment sustaining the validity of the lien, but dissent from the judgment on the third-party Complaint finding that the clerk was negligent *as a matter of law*.

In my opinion, the question of whether or not the clerk was negligent, under all the circumstances, was essentially a factual issue for the determination of the Court of Common Pleas, and in applying the fundamental principles applicable to a reversal on the weight of the evidence (3 Ohio Jurisprudence 2d 809, Appellate Review, Section 819), this court should not interfere with the factual determination of the trial court. Accordingly, I would affirm the judgment in its entirety.