557 So.2d 859 (1989)
ERSKINE FLORIDA PROPERTIES, INC., Etc., et al., Petitioners,
v.
FIRST AMERICAN TITLE INSURANCE COMPANY OF ST. LUCIE COUNTY, INC., et al., Respondents.
No. 73110.
Supreme Court of Florida.
June 8, 1989.
Rehearing Denied March 8, 1990.
Scott & Fogt, P.A., Stuart, and Larry Klein of Klein, Beranek & Walsh, P.A., West Palm Beach, for petitioners.
Ralph P. Mangione of Taub & Williams, P.A., Tampa, for respondents.
SHAW, Justice.
We review First American Title Insurance Co. of St. Lucie County, Inc. v. Erskine Florida Properties, Inc., 528 So.2d 1229 (Fla. 4th DCA 1988), to resolve conflict with First American Title Insurance Co., Inc. v. First Title Service Co., 457 So.2d 467 (Fla. 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the opinion of the district court below.
This case presents the following issue: When a party conducts a title search of a piece of property and searches only the direct and indirect alphabetical indexes, can it be held liable for failing to discover an improperly indexed claim? We conclude that under the facts here it can.
First American Title Insurance Company contracted with Erskine to provide a title search on property that Erskine was interested in purchasing. In conducting the search, First American searched only the names provided by Erskine in the direct and indirect alphabetical indexes maintained in the county clerk's office. Because *860 of a clerical error by the clerk's office, the limited search did not reveal a superior claim of interest in the property. Relying on the search, Erskine purchased and resold the property and was successfully sued by the true owner. Erskine sued First American in a third-party action for conducting an improper title search, and the trial court held First American liable. It concluded that First American was wrong to rely solely on the alphabetical indexes for the following reasons. First, it should have used all available public facilities, including a parcel identification index. According to the court, this index was used by other abstracters in the community as a backup in their searches, and First American knew of its existence. And second, First American should have searched the title according to the property's legal description. The district court reversed, relying on a negligence standard of care that was delineated in Kovaleski v. Tallahassee Title Co., 363 So.2d 1156 (Fla. 1st DCA 1978), and which that court held was grounded in tort. The court ruled that Erskine had failed to introduce expert testimony concerning an abstracter's standard of care in the county.
We conclude that sufficient evidence exists to support the trial court's finding of liability. In Stickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195, 197-98 (Fla. 1940), we held that the liability of a title abstracter lies in contract, not tort:
An abstracter is liable in damages for injuries resulting from wrongful or negligent errors, defects or omissions in an abstract prepared and furnished by him. It was settled in an early case, which has been followed in nearly all the decisions on this question, that his liability is not in tort, but is contractual, and must be based upon a breach of his express or implied contract with his customer or client to furnish him with a true and correct abstract. It is therefore measured by the nature, extent and terms of his undertaking or employment.
In First American Title Insurance Co. v. First Title Service Co., 457 So.2d 467, 472 (Fla. 1984), we reaffirmed this view and indicated the general nature of the contractual duty involved: "[T]he abstracter's contractual duty [is] to perform the service skillfully and diligently."
The parcel identification index was available to the public, and First American's title searcher testified that she was aware of it. The county clerk testified that although her office cautions abstracters not to rely solely on the index because the identification numbers are assigned by the tax assessor's office, abstracters do rely on the index "as a security check." If the proper identification numbers are assigned and entered into the computer, she testified, the resulting search is reliable. "If they [First American] had been running the parcel ID number for this piece of property they would have picked it [the superior interest] up."
We agree with the court's statement in Williams v. Polgar, 391 Mich. 6, 20, 215 N.W.2d 149, 157 (1974):
Because an abstracter is hired to determine what is in the public record, misstatements of, or failure to include, relevant items contained in that record are obviously examples of acts constituting failure to perform abstracting services in a diligent and reasonably skillful workmanlike manner.
The evidence supports the trial court's finding that First American failed to conduct an adequate search. No expert testimony on Erskine's behalf was necessary. We note, however, that First American was free to introduce its own experts to show that it conducted a skillful and diligent search. We quash the decision of the district court below and remand for reinstatement of the trial court's judgment.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.