603 So.2d 562 (1992)
FIRST AMERICAN TITLE INSURANCE COMPANY OF ST. LUCIE COUNTY, INC., and American Title Company of Florida, Inc., Appellants,
v.
Douglas DIXON, as Clerk of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida, Appellee.
No. 91-1688.
District Court of Appeal of Florida, Fourth District.
July 15, 1992.
Motion for Rehearing, Rehearing and/or Motion to Certify Questions Denied September 10, 1992.
*563 Ralph P. Mangione, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for appellants.
Rhea P. Grossman, Rhea P. Grossman, P.A., Miami, for appellee.
Motion for Rehearing, Rehearing En Banc and/or Motion to Certify Questions Denied September 10, 1992.
ANSTEAD, Judge.
This is an appeal from a final summary judgment holding that the doctrine of sovereign immunity barred a claim against the Clerk of the Circuit Court for the Nineteenth Judicial Circuit for negligently indexing a claim in the public records. We reverse.

FACTS
On March 17, 1983, William P. Sherman ("Sherman") executed a document entitled "Notice of Claim of Interest in Land," which document was recorded by the clerk in the public records of St. Lucie County on March 31, 1983. However, the clerk failed to properly index the document according to the name "Ocean Harbour of North Beach Development Corporation." The supervisor of the official records for the clerk acknowledged that her office failed to properly index Sherman's notice of claim. The supervisor stated:
[T]he computer operators who were indexing [Sherman's Notice of Interest in Land] did not properly index the names that should have been indexed.
The supervisor also noted that a record of the claim could also be found under the parcel identification index, an index maintained by the county property appraiser, even though there was a mistake in the name index.
Subsequently, First American Title Insurance Company of St. Lucie County, Inc. ("First American") prepared an abstract of title or a "title chain" to the same property in which Sherman claimed an interest, for R. James Erskine and Erskine Florida Properties, Inc. (collectively, "Erskine"), by searching the direct and indirect indices in the clerk's office. The abstract of title prepared by First American for Erskine failed to identify Sherman's improperly indexed notice of claim. Thereafter, Erskine brought an action against First American for damages for the alleged negligent preparation of the abstract of title in not picking up the Sherman claim. A final judgment was entered against First American and in favor of Erskine on the grounds that the title company negligently failed to locate the Sherman claim by utilizing the property appraiser's records, in addition to the clerk's indexing system.
First American appealed. Although this court reversed the trial court in First American Title Ins. Co. v. Erskine Florida Properties, Inc., 528 So.2d 1229 (Fla. 4th DCA 1988), the Florida Supreme Court quashed our decision, and reinstated the final judgment issued by the trial court. See Erskine Florida Properties, Inc. v. First American Title Ins. Co., 557 So.2d 859 (Fla. 1989). Thereafter, First American satisfied Erskine's judgment, and proceeded with this action for indemnity against the clerk, asserting neglect in indexing the claim.[1]

*564 SOVEREIGN IMMUNITY
Section 768.28(5), Florida Statutes (1991), provides for a waiver of the state's sovereign immunity, and that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances." However, to hold a governmental agency or subdivision liable for its negligence, it must be demonstrated that the governmental entity owed the specific claimant either a "statutory" or "common law" duty of care that was breached, and the challenged conduct of the government must involve an "operational" rather than a "planning" level of decision-making. Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989); Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912 (Fla. 1985).
In Trianon Park, a condominium association sued the City of Hialeah for its building inspector's negligent inspection of a condominium. The Florida Supreme Court reversed a finding of liability on the part of the city, holding that the legislative intent in enacting the building code was to "allow reasonable protection for public safety, health, and general welfare for all the people in Florida." Id. at 922, quoting from section 553.72, Florida Statute (1983). Trianon Park holds that in order to determine whether particular individuals or classes of individuals are to benefit from a given statute, courts must ascertain the legislative intent, either express or implied. If the determination evinces a legislative intent to generally benefit the public as a whole, then no duty of care will arise as to any particular individual. However, if an express or implied intent to benefit a definable class of individuals becomes apparent, then a duty of care may be found.

STATUTORY DUTY
By statute, the clerk is required to record, index, and maintain documents relating to real property in the public records of St. Lucie County, Florida. See § 28.222(1) Fla. Stat. (1989). Indeed, the entire Florida legal scheme regarding interests in land is predicated on the recording of documents relating to claims of interests in land. Section 695.01, Florida Statutes (1989), provides that "[n]o conveyance, transfer, or mortgage of real property, or any interest therein ... shall be good and effectual in law or equity against creditors or subsequent purchasers ... unless the same be recorded according to law." Section 28.222(1), provides that the clerk of the circuit court is also the county recorder, and section 28.222(3)(a), (1989), directs the clerk to record deeds, leases, mortgages, liens, and "other instruments relating to ... ownership ... [of] real or personal property or any interest in it." Section 28.222(2), requires the clerk to keep a register with details of the filing of instruments, in order to ensure the proper maintenance of the public records. Finally, concerning the claim involved herein, that section specifically provides that the clerk "[s]hall maintain a general alphabetical index, direct and inverse, of all instruments filed for record."
The clerk concedes that he has a statutory duty to properly record and index documents in the public records. He also acknowledges that the recording statutes generally protect the rights of those claiming an interest in land, including bona fide purchasers of property and creditors of property owners. The clerk asserts, however, that this group is not a "definable class of individuals that the statute was designed to protect," as contemplated by Trianon, so as to give rise to a specific relationship and duty between the clerk and the individual at risk. Rather, the clerk claims that his duty here is the same as the building inspectors in Trianon. We cannot agree.
In Fong v. Batton, 214 So.2d 649, 652 (Fla. 3d DCA 1968), the third district observed:

*565 In Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901 (1932), the recording statute was the subject of this discussion:
"Our recording statute ... requires deeds to be recorded to be effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, and was never intended to affect the rights of anyone else."
In contrast to the building code in Trianon, it appears that the statutory recording scheme was intended to benefit a definable class of individuals, and not just the general public. Under Florida's marketable record title law, the proper recording and indexing of claims involving property is a critical and essential component of a valid legal claim to property. Unlike government building inspections, which at most constitute spot checking of a small part of the actual construction of a project, each document entitled to be recorded is handled by the clerk. In fact, it is the clerk's proper handling of each document that makes the marketable record title law work.
Support for the finding of a specific duty on the clerk's part may further be found in sections 28.01 and 28.02, (1989), which require the clerk to post a bond, "conditioned upon the faithful discharge of the duties of his office." The maximum allowable amount of the bond, $100,000, coincides with the statutory limit of liability of governmental agencies and subdivisions, pursuant to section 768.28(5).
The clerk argues that the purpose of the bond is to enable a county to recover monies which have been unaccounted for by the clerk in connection with his duty to collect filing fees and other monies. Catts v. Winburn, 81 Fla. 756, 88 So. 918, 919 (1921). This is undisputedly one of the purposes of the bond. However, in Catts, the Florida Supreme Court indicated that the bond served a much broader purpose, namely, to ensure that the clerk "shall diligently and faithfully perform all the duties of his said office as prescribed by law." Id. at 919 (emphasis added). In sum, the bond requirement would appear to be consistent with a private citizen's right of recovery for the clerk's negligent recording and indexing of instruments in the public records.
As to the additional requirement that the activity in question be "operational" rather than "discretionary" before the governmental entity may be held liable, the clerk has candidly conceded that the function is operational and ministerial under the analysis set out in Kaisner and Trianon Park. Hence, pursuant to the analysis set out above, it would appear that sovereign immunity is not a bar to an action against the clerk.

LAW FROM OTHER STATES
The parties cite no decisions from Florida on point here. However, appellants have cited to cases from other jurisdictions with recording statutes akin to those in Florida, which hold that the clerk of court may be liable for negligent recordation and indexing of documents in the public records.
In First Virginia Bank-Colonial v. Baker, 225 Va. 72, 301 S.E.2d 8 (1983), an employee in the county clerk's office misindexed a mortgage on the wrong page of the grantor's index book. A subsequent lender, relying on the absence of any liens in the chain of title, unknowingly took a subordinate mortgage from the property owner. Ultimately, the loan went into default and the bank foreclosed. Due to the superior mortgage, the bank was damaged, and sued the clerk for negligence. The clerk claimed sovereign immunity from suit. The trial court agreed, and entered a final order dismissing the bank's suit.
In reversing the trial court, the Virginia Supreme Court held that the clerk owed a statutory duty to the lender. The Virginia code, like the Florida code, provided that "[e]very writing authorized by law to be recorded ... shall ... be recorded by... the clerk." Additionally, Virginia law required that every clerk's office keep alphabetical key-table general indices to all deed books. Based on the statutory provisions, the Virginia Supreme Court held:

*566 This statutory complex creates a central repository of copies of certain writings. As a matter of public policy, the repository was established in the public domain to protect those whose interests may be affected by those writings, and the duties of the clerk to record and index the writings run from him to them.
Id. 301 S.E.2d at 13. Accordingly, the court held that the "[n]egligence underlying the bank's claim was misfeasance of a ministerial duty, and the cloak of sovereign immunity does not cover such torts." Id. 301 S.E.2d at 11, citing to Hoggard v. Richmond, 172 Va. 145, 157, 200 S.E. 610, 615 (1939).
In Maddox v. Astro Investments, 45 Ohio App.2d 203, 343 N.E.2d 133 (Ohio App. 1975), the clerk failed to index a judgment lien for almost a week after it was recorded. During the time between recordation and indexing, the two attorneys used the index to examine the title to the judgment debtor's property. Since the lien had not been indexed, it did not appear in the chain of title, and the property was sold by the judgment debtor to a third party without satisfying the judgment. The trial court dismissed a third party indemnification action grounded in negligence against the clerk.
On appeal, the Ohio Court of Appeals reversed the trial court, finding that the clerk had a statutory duty to the judgment creditor to properly docket and index the judgment. Again, the court relied on a statute substantially similar to Florida's recording statute, which provided that:
Any judgment ... shall be a lien upon lands ... within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment.
* * * * * *

When any such certificate is delivered to the clerk... the same shall be filed by such clerk, and he shall docket and index it under the names of the judgment creditors and the judgment debtors in a judgment docket.
Id. 343 N.E.2d at 136 (emphasis in original). Given the substantial similarity between the Florida recording statutes and those in Virginia and Ohio, these cases are persuasive authority in the present case. As stated by these courts, holding the clerk responsible for negligently recording and indexing documents in the public records would tend to encourage the clerk to properly perform its statutorily prescribed ministerial duties, rather than discouraging the same.
Since the proper recording and indexing of documents is critical to those asserting an interest in land in Florida, a mistake in indexing or recording by the clerk may be devastating to the individual affected. While devices such as title insurance and warranties may alleviate these problems, they do not address the underlying issue of responsibility and accountability in the first instance. In sum, we believe that public policy considerations favor accountability by the clerk for negligence, and we hold that the doctrine of sovereign immunity is not a bar to a civil suit.
For the reasons enunciated above, we reverse the summary judgment and remand for further proceedings consistent herewith.
WARNER and FARMER, JJ., concur.
NOTES
[1] This appeal is limited to the issue of sovereign immunity. Whether the appellants are otherwise legally entitled to a recovery against the clerk, or whether other legal defenses to the action are available, are not in issue before us. The clerk notes that the Florida Supreme Court in Erskine Florida Properties, Inc. v. First American Title Ins. Co., 557 So.2d 859 (Fla. 1989), has "already determined that First American failed to conduct an adequate search." However, the issue of whether First American was itself negligent in conducting the title search, was not the subject of the trial court's ruling now on appeal.