726 So.2d 815 (1999)
Edward F. HOLODAK and Suzanne Domenico, Appellants,
v.
Robert E. LOCKWOOD, As Clerk of the Court of the 17th Judicial Circuit, in and for Broward County, Florida, Appellee.
No. 97-4510
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Edward F. Holodak of the Law Offices of Tucker & Tighe, P.A., Fort Lauderdale, for appellants.
Tamara M. Scrudders, Assistant County Attorney, Anthony C. Musto, Chief Appellate Counsel, and John J. Copelan, Jr., County Attorney for Broward County, Fort Lauderdale, for appellee.
PER CURIAM.
Edward Holodak and Suzanne Domenico ("Appellants") appeal an order dismissing with prejudice their fourth amended complaint against Robert Lockwood, Clerk of the Broward County Circuit Court ("Clerk"). Treating the factual allegations of the amended complaint as true, as we are required to do, and considering them in the light most favorable to the appellants, we find that the trial court properly dismissed appellants' claims.
Appellants received citations for various traffic law violations. Pursuant to section 318.14, Florida Statutes (1995), they timely paid the fines imposed by mailing payment by check to the Clerk of the Court. However, because the Clerk failed to timely record the payments and subsequently notified the State Department of Motor Vehicles that appellants had not paid the tickets, appellants were assessed late fees and their driver's licenses were suspended.
In their fourth amended complaint, appellants sued the Clerk in his official capacity, claiming damages for negligence, libel and libel per se and seeking a declaratory judgment. The trial court dismissed the complaint, concluding that appellants had not shown that the Clerk owed them any statutory or common-law duty of care with respect to the alleged negligent acts. In support of its ruling, the court cited Trianon Park Condominium Ass'n. v. City of Hialeah, 468 So.2d 912 (Fla.1985), Seguine v. City of Miami, 627 So.2d 14 (Fla. 3d DCA 1993), Friedberg v. Town of Longboat Key, 504 So.2d 52 (Fla. 2d DCA 1987), and Layton v. Florida *816 Department of Highway Safety & Motor Vehicles, 676 So.2d 1038 (Fla. 1st DCA 1996).
In Trianon, the Florida Supreme Court held that in order to hold a governmental entity liable for its negligence, a plaintiff must allege and prove two elements:
(1) That the governmental entity owed the specific claimant (as opposed to the public generally) either a "statutory" or "common law" duty of care that was breached; and
(2) That the challenged conduct of the government involved an "operational" rather than a "planning" level of decision-making.
The plaintiffs in Trianon were condominium unit-owners seeking damages against the City of Hialeah building inspectors for negligence in inspecting their condominium building and certifying it for occupancy. The supreme court held that unless the plaintiffs could show that the city owed either an underlying common-law or statutory duty of care to the individual condominium owners with respect to the alleged negligent conduct, there could be no governmental liability for this negligence. The Trianon plaintiffs argued that the city owed them a statutory duty of care to properly inspect construction projects pursuant to Chapter 533, Florida Statutes; that the inspection laws were enacted for the protection of individual citizens as well as the general public. The supreme court, however, determined that Chapter 533 was enacted only for the purpose of protecting the health and welfare of the public in general, and was not intended by the Legislature to create a governmental duty of care to individual property owners. Finding no statutory or common-law duty of care owed by the city to the individual property owners to inspect their building and issue certificates of occupancy, the court held that the city could not be held liable for any negligence in the performance of these acts.
Since Trianon, our courts have consistently required plaintiffs suing governmental entities for negligence to allege and prove that the defendant breached a common-law or statutory tort duty owed to the plaintiff individually and not a tort duty owed to the public generally. See Seguine, 627 So.2d at 15. In the instant case, appellants claim that the Clerk owed them a duty of care individually to properly record their payment of fines for traffic violations in a timely manner to avoid fee assessments and license suspension. They base their claim of a duty of care owed them individually upon the general statutory scheme of Chapter 318 of Florida Statutes. According to appellants, the intent of the statute, as a whole, is to benefit individual drivers by decriminalizing the driver's infraction and reducing his or her financial burden. However, a review of Chapter 318 shows that, like the statute involved in Trianon, this statute was enacted for the benefit of the public in general, not the individual licensed driver. The legislature's express purpose in enacting Chapter 318 was to "decriminalize certain [traffic] violations ..., thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic offenses." See Fla. Stat. § 318.12 (1997); Nettleton v. Doughtie, 373 So.2d 667 (Fla.1979). Allowing a traffic offender to pay a specified penalty or complete a driver's improvement course, rather than treating minor offenses as traditional criminal matters, with accompanying strict and technical formalities, such as jury trials and appointment of counsel, supports the finding that Chapter 318 was enacted to benefit the public generally, by streamlining procedures and lessening the economic burden on the court system, and hence, the taxpaying public. As the court held in Trianon, such a legislative enactment for the benefit of the general public does not create a duty of care owed to individuals who happen to benefit from the statutory provisions. The Clerk's duty, in this case, is a general duty that flows to the public and not to individuals who choose available alternatives for resolving traffic charges.
In Layton, the issue also concerned a governmental agency's liability for negligent maintenance of drivers' records. There, the first district affirmed dismissal of a suit brought by a driver against the Department of Highway Safety & Motor Vehicles (DHSMV) for its negligence in failing to maintain accurate records, which led to her wrongful arrest for driving with a suspended driver's license. The court held that DHSMV had no common law or statutory *817 duty to individual drivers to maintain accurate records. It recognized that the maintenance of DHSMV records is a function undertaken by the government for the public generally and the duty to perform this function accurately runs to the public, not to individual licensed drivers. See also Thompson v. Department of Highway Safety & Motor Vehicles, 692 So.2d 272 (Fla. 5th DCA 1997)(dismissal of action against DHSMV for negligent revocation of plaintiff's driver's license and refusal to renew license upheld because DHSMV owed no duty of care to the individual plaintiff).
Appellants argue that the trial court's dismissal of their complaint conflicts with this court's decision in First American Title Ins. Co. of St. Lucie County, Inc. v. Dixon, 603 So.2d 562 (Fla. 4th DCA 1992). In Dixon, the clerk of the court failed to properly index a notice of a claim of interest in certain real property. Subsequently, a title insurer prepared an abstract of title, which failed to identify the interest. The plaintiff sued the title company for damages for the negligent preparation of the title abstract and prevailed. The title company then brought an indemnification action against the clerk of the court, asserting negligence in indexing the claim. The clerk conceded that he had a statutory duty under section 28.222, Florida Statutes, to properly record and index documents in the public records. That duty flowed to a specified class: those claiming an interest in land, including bona fide purchasers of property and creditors of property. Thus, we held that the clerk could be held liable for its negligence in indexing the notice and that the action was not barred by sovereign immunity.
Dixon is distinguishable from this case in that the statute involved in that case was enacted for the benefit of the plaintiffs as individuals, rather than for the public in general. It created a duty on the part of the clerk owing directly to the individual plaintiffs. In contrast, Chapter 318 did not create a specific duty to traffic offenders for timely processing their payments. As stated above, the legislature's express purpose in enacting Chapter 318 was to "decriminalize certain [traffic] violations ... thereby facilitating the implementation of a more uniform and expeditious system for the disposition of traffic offenses."
Because appellants failed to demonstrate either a statutory or common-law duty owed to them by the Clerk, the trial court properly dismissed their complaint. We, therefore, affirm the order of dismissal entered below.
AFFIRMED.
POLEN and TAYLOR, JJ., and FRUSCIANTE, JOHN A., Associate Judge, concur.