883 So.2d 319 (2004)
Edwin LOVETT, Appellant,
v.
Howard C. FORMAN, as Clerk of Court, Broward County, Florida, and Ken Jenne, as Sheriff of Broward County, Florida, Appellees.
No. 4D03-2048.
District Court of Appeal of Florida, Fourth District.
August 25, 2004.
Hugh L. Koerner of Hugh L. Koerner, P.A., Fort Lauderdale, for appellant.
*320 Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Ft. Lauderdale, for appellee Howard C. Forman.
Robert D. Yates and Robert C. Buschel of Buschel, Carter, Schwartzreich & Yates, Ft. Lauderdale, for appellee Ken Jenne.
KLEIN, J.
Appellant plaintiff, after being charged with a crime by information, did not appear in court at a status conference, because neither he nor his attorney received notice of the conference. As a result of his failure to appear, a capias was issued for his arrest. Plaintiff's counsel then moved to set aside the capias, and the court granted the motion, but the Clerk of the Circuit Court neglected to provide this information to the sheriff's office. As a consequence, plaintiff was wrongfully arrested and incarcerated for over two months. We conclude that sovereign immunity bars the plaintiff's claims against the clerk and the sheriff, because they did not owe him a special duty which was different from the duty owed the public in general.
Under procedures established by the clerk, when a capias for arrest is withdrawn, an employee of the clerk makes an entry in a computer and provides the sheriff with a daily report listing all such withdrawals. Upon receipt of the daily report the sheriff removes the capias from certain data bases. In this case the clerk failed to make the computer entry, which resulted in the daily report not indicating that the capias for plaintiff's arrest had been withdrawn. The capias remained active, which resulted in the wrongful arrest and incarceration of the plaintiff.
The trial court dismissed plaintiff's complaint seeking tort damages against the clerk and the sheriff because of sovereign immunity, holding that there was no duty owed plaintiff which was different from the duty owed the public in general. Trianon Park Condo. Ass'n v. City of Hialeah, 468 So.2d 912 (Fla.1985) (tort claim against city for negligence of building inspector barred by sovereign immunity because there was no duty to enforce the building code for the benefit of a specific group of individuals).
Plaintiff recognizes that our decision in Holodak v. Lockwood, 726 So.2d 815 (Fla. 4th DCA 1999), would require affirmance, but argues that we should recede from it. In Holodak, the claimants, after receiving traffic citations, had paid the fines pursuant to section 318.14, Florida Statutes (1995), by mailing a payment to the clerk. The clerk, however, failed to timely record the payments, and claimants' driver's licenses were wrongfully suspended. They were also assessed late fees. The claimants sued the clerk, but we concluded that the complaint did not state a cause of action because the clerk did not owe them a special duty different from the duty owed the general public to keep proper records, relying on Trianon Park.
In Holodak we agreed with Layton v. Florida Department of Highway Safety & Motor Vehicles, 676 So.2d 1038 (Fla. 1st DCA 1996) in which a claim was made against the Florida Department of Highway Safety & Motor Vehicles for negligence in failing to keep accurate records leading to the wrongful arrest of the claimant for driving with a suspended license. Relying on Trianon Park, the Layton court held that the maintenance of records was a function undertaken by the government for the public generally, and there was no special duty.
Plaintiff also disagrees with Harris v. Kearney, 786 So.2d 1222 (Fla. 4th DCA 2001), in which a person was wrongfully arrested for food stamp fraud because of a mistake made by the state, and Moore v. *321 Department of Corrections, 833 So.2d 822 (Fla. 4th DCA 2002), in which a person was wrongfully arrested because a Department of Corrections officer negligently failed to revoke an outstanding warrant for her arrest after her probation was terminated. We concluded in both cases that there was no special duty owed which would permit recovery against the government.
Plaintiff argues that these cases requiring a special duty have misinterpreted Florida Supreme Court decisions. He relies primarily on the federal decision of Lewis v. City of St. Petersburg, 260 F.3d 1260 (11th Cir.2001). After the briefs were filed in this case, however, the Florida Supreme Court reiterated that there must be a special duty owed to plaintiff, different from the duty owed the general public, in order to recover against the government. Pollack v. Dep't of Highway Patrol, 29 Fla. L. Weekly S287 (Fla. June 10, 2004). Pollack, not Lewis, controls. Miles Laboratories v. Eckerd, 73 So.2d 680 (Fla.1954) (Florida courts are not bound by federal court decisions construing Florida substantive law). Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
Holodak, one of our decisions which would require affirmance here, but which plaintiff argues is wrong, was cited by the Florida Supreme Court in Pollack for the proposition that there must be a special duty in order to recover for a government tort. Pollack also clarified that internal operating procedures or policies cannot create an independent duty to individual members of the public.
In First American Title v. Dixon, 603 So.2d 562, 564 (Fla. 4th DCA 1992), also cited by plaintiff, we held that sovereign immunity did not bar a claim for negligently maintaining public records relating to real property. In Dixon, however, the clerk conceded that he had a statutory duty to properly record and index real property records, and he also conceded that the recording statutes "generally protect the rights of those claiming an interest in land, including bonafide purchasers of property and creditors of property owners." We concluded that the statutory recording scheme was for the benefit of a specific class of individuals, not just the general public, allowing recovery from the clerk. Our holding in Dixon was narrow, limited to the public records pertaining to real property, and may well have been based on the clerk's concessions.[1]
We therefore conclude that neither the clerk nor the sheriff owed plaintiff a special duty. Affirmed.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] It is difficult to reconcile Dixon with Holodak, because they both involved public records. Dixon is the only case in which recovery has been allowed against the government for a public records error, and no other court has either agreed or disagreed with the Dixon finding of a special duty. On the other hand, Holodak was recently cited by our supreme court in Pollack.