896 So.2d 882 (2005)
Joe SLONIN, Appellant,
v.
CITY OF WEST PALM BEACH, FLORIDA, and Ray Leighton, in his individual capacity, and Robert Compton, in his individual capacity, Appellees.
No. 4D03-2436.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Rehearing Denied March 2, 2005.
*883 Isidro M. Garcia of Garcia, Elkins & Boehringer, P.A., West Palm Beach, for appellant.
Jennifer H.R. Hunecke, Assistant City Attorney, and Douglas Yeargin, Assistant City Attorney, for appellee, City of West Palm Beach, West Palm Beach, and George P. Roberts, Jr., of Roberts, Reynolds, Bedard & Tuzzio, P.A., for appellee, Ray Leighton, West Palm Beach.

ON MOTIONS FOR REHEARING AND REHEARING EN BANC
MAY, J.
We deny the Appellant's Motion for Rehearing, the Appellees' Motion for Rehearing or Clarification and the Appellees Motion for Certification. We withdraw our previously issued opinion of October 20, 2004, and substitute the following opinion in its place to correct scriveners errors.
The plaintiff appeals the dismissal of his negligent hiring, training, supervision, and retention claim against the City of West Palm Beach, and a defense verdict and judgment on his assault and battery claims against the City and defendant Leighton, following a jury trial. We affirm the judgment on the assault and battery claims, but reverse the dismissal of his negligent supervision and retention claim and remand the case to the trial court.
The plaintiff sued the City and two city code inspectors, Leighton and Compton. He alleged the inspectors had separately threatened, assaulted, and battered him during the course of their employment with the City. Specifically, he alleged these inspectors had harassed him because he rents property to Guatemalan tenants.
In his Third Amended Complaint, the plaintiff alleged counts of assault and battery against each inspector and the City and two counts of negligent hiring, training, supervision, and retention against the City as it related to the separate assault and battery charges against each individual inspector. The court granted the City's motion to dismiss Counts III and VI, the negligent hiring, training, supervision, and retention claims, finding those claims to fall within the City's planning level function, protected by sovereign immunity.[1]
The defendants filed a motion to sever the counts related to Compton from the counts related to the other inspector, Leighton. The court granted the motion *884 and severed the claims against Compton. The City filed a motion in limine to exclude all references to the Compton incidents in the Leighton trial. The court also granted this motion, setting the stage for the trial against Leighton and the City.
The assault and battery claims against Leighton consisted of the following allegations. Around January 1996, Leighton came to the Pool Motel, owned by Slonin, to issue a building code citation. Slonin threw the citation on the ground. Leighton picked up the citation and shoved Slonin, saying Ill kick your ass. The jury returned a verdict for the City and Leighton on the assault and battery claims.
The plaintiff raises several issues including the courts rulings on the motion to dismiss, the motion in limine, a motion for protective order, and other evidentiary rulings. We affirm on all issues except the dismissal of the negligent supervision and retention claim.
Trianon Park Condominium Assn. v. Hialeah, 468 So.2d 912 (Fla.1985), continues to be the barometer by which we gauge tort liability of governmental entities. Our supreme court indicated that building inspectors exercise discretionary power in enforcing the law. Id. at 919. Nevertheless,
[t]he lack of a common law duty for exercising a discretionary police power function must ... be distinguished from existing common law duties of care applicable to the same officials or employees in the operation of motor vehicles or the handling of firearms during the course of their employment to enforce compliance with the law. In these latter circumstances there always has been a common law duty of care and the waiver of sovereign immunity now allows actions against all governmental entities for violations of those duties of care.
Id. at 920. It is that common law duty of care that serves as the basis of the plaintiffs complaint in this case. [T]here is no sovereign immunity barrier to making a claim against a governmental agency for negligent retention or supervision. Dickinson v. Gonzalez, 839 So.2d 709, 713 (Fla. 3d DCA 2003). Cf. Holodak v. Lockwood, 726 So.2d 815 (Fla. 4th DCA 1999) (clerk did not owe a duty of care to properly record the payment of traffic fines in a timely manner).
Here, the plaintiff alleged the City knew of: (1) the assault and battery by Leighton, (2) the plaintiffs previous complaints against Leighton, and (3) Leightons abusive conduct toward other members of the public. He also alleged the City took no action to ensure public safety, and due to the City's negligent retention, training and supervision, he suffered damages. This was sufficient to state a claim against the City. The court erred in dismissing this claim.
We therefore reverse and remand the case to the trial court to reinstate the negligent supervision and retention claim. The new trial will be limited, however, because the jury rendered a verdict against the plaintiff on the assault and battery claims. Thus, any liability and damages for negligent supervision and retention must be based on the remaining allegations contained within the Third Amended Complaint, and not on the alleged assault and battery.[2] We find no error in the other issues raised.
REVERSED and REMANDED.
POLEN, J., and GOLD, MARC H., Associate Judge, concur.
NOTES
[1] The court previously dismissed a tortious interference claim in a prior complaint. The plaintiff has argued error in this dismissal as well. We affirm the courts decision.
[2] We note plaintiffs counsel conceded this point in oral argument.