DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

VICTOR D. CRIST, solely in an official capacity as the
HILLSBOROUGH COUNTY CLERK OF COURT,

Appellant,

v.

MANHATTAN PALMS ASSOCIATION ONE, LLC,

Appellee.

No. 2D2024-1062

_____

July 23, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Paul L. Huey, Judge.

Kristen M. Fiore of Akerman LLP, Tallahassee; and Jason L. Margolin
and Keenan Molaskey of Akerman LLP, Tampa, for Appellant.

Gregory Bryl of Bryl Law Offices, Sunny Isles Beach; and Henry G. Gyden
of Gyden Law Group, P.A., Tampa, for Appellee.

VILLANTI, Judge.

The Hillsborough County Clerk of Court appeals the denial of its
motion to dismiss Manhattan Palms' negligence complaint on sovereign
immunity. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(B),
9.130(a)(3)(F)(iii).

Because we find that the Clerk's duty to index the public record
pursuant to section 28.222, Florida Statutes (2008), is for the benefit of
the general public, sovereign immunity bars this action, and the trial

court erred in denying the Clerk's motion to dismiss. For the reasons contained herein, we vacate the trial court's order denying the Clerk's motion to dismiss, remand for entry of an order dismissing Manhattan Palms' complaint with prejudice, and certify conflict with *First American Title Insurance Co. of St. Lucie County v. Dixon*, 603 So. 2d 562 (Fla. 4th DCA 1992).

## Background

In 2008, Gerlinde Nelson purchased two separate parcels of real property in Hillsborough County and mortgaged each parcel to Region's Bank via separate mortgages. Both mortgages were properly recorded. The Clerk correctly indexed the mortgage on one parcel under Gerlinde Nelson's name. The other mortgage—the one that encumbered the parcel Manhattan Palms subsequently purchased—was incorrectly indexed under the name Gerlinde Nelso. The "n" at the end of Nelson was omitted.

Manhattan Palms purchased the subject property at auction in 2022. In March 2023, the property was sold to a third party at a tax deed sale that resulted in a surplus of $138,222.44. Manhattan Palms filed a claim for the surplus in April 2023. The following month, Global Discoveries Ltd. filed a claim in an amount less than the surplus ($135,151.92) on behalf of Regions Bank. In July of 2023, the Clerk sent the entire surplus to Global Discoveries.

Manhattan Palms sued the Clerk for negligence and alleged that if the Clerk had correctly indexed the Regions Bank mortgage, Manhattan Palms would have found the encumbrance and would not have purchased the property. The complaint argued that the Clerk owed a duty of care "*not* to the public generally, but . . . to a specific class of persons, namely, those claiming an interest in lands, including those

2

claiming an interest in the subject property, bona fide purchasers of the subject property, and creditors of owners of the subject property," and that Manhattan Palms was a member of that specific class. Manhattan Palms alleged that by omitting the last letter "n" from Gerlinde Nelson's name when indexing the subject property, the Clerk breached its duty and proximately caused Manhattan Palms' damages, specifically Manhattan Palms' payment of "some $90,000 and the loss of surplus in the amount of some $140,000" and that therefore "[s]aid conduct is also actionable pursuant to the express waiver of sovereign immunity contained in the Florida Statutes."

Citing *Pollock v. Florida Department of Highway Patrol*, 882 So. 2d 928 (Fla. 2004), the Clerk argues that in actions against the government in tort, a plaintiff must prove that the defendant breached a common law or statutory duty owed to the plaintiff individually and not a tort duty owed to the public generally.

The Clerk argues that the omission of the letter "n" occurred when the Clerk entered the 2008 mortgage in the *index* to the public records and that the Clerk's duty to index the mortgage derives from section 28.222(2):

> The clerk of the circuit court shall record all instruments in one general series called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record. The register of Official Records must be available at each office where official records may be filed.

The Clerk argues that section 28.222 contains no intent, explicit or implicit, to benefit any individual or even a specific class of citizens. The

3

Clerk further argues that pursuant to *Holodak v. Lockwood,* 726 So. 2d 815, 816 (Fla. 4th DCA 1999)*,* indexing benefits the public generally by streamlining procedures and lessening the economic burden on the court system.

In its complaint, Manhattan Palms acknowledged that it successfully located the Gerlinde Nelson mortgage on the *other* property prior to purchasing the subject property and incorrectly alleged (a) the two mortgages were "almost identical" to one another and (b) both mortgages "encumber the subject property." Manhattan Palms' complaint claimed, "In the course of several years leading up to this particular search, the same representative had conducted a substantial number of similar searches with respect to other properties, gaining significant experience in performing title searches similar to the one conducted here with respect to the subject property."

The Clerk argues that Manhattan Palms must not have conducted a title search for encumbrances on the subject property, but rather only searched by name, because a search of the legal description would have turned up the encumbrance from Gerlinde Nelso. Manhattan Palms' complaint alleged that its search "uncovered one or more liens recorded *in the name* of the borrower" (emphasis added) and that Exhibit D to the complaint reflects that a search of the property's legal description would have revealed the Regions mortgage.

**The Law**

This court reviews a trial court's ruling on a motion to dismiss de novo. *Brooke v. Shumaker, Loop & Kendrick, LLP*, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002) (citing *Value Rent-A-Car v. Grace,* 794 So. 2d 619 (Fla. 2d DCA 2001)).

4

"Article X, section 13 of the Florida Constitution provides absolute sovereign immunity for the state and its agencies absent waiver by legislative enactment or constitutional amendment." *Ingraham ex rel. Ingraham v. Dade Cnty. Sch. Bd.*, 450 So. 2d 847, 848 (Fla. 1984).

Section 768.28, Florida Statutes (2008), waives the State's immunity from tort claims as to acts for which a private person under similar circumstances would be held liable. *See Henderson v. Bowden*, 737 So. 2d 532, 534-35 (Fla. 1999). "[A]s we have stated time and again, there can be no governmental liability unless a common law or statutory duty of care existed that would have been applicable to an individual under similar circumstances." *Id.* at 535. "[A] legislative enactment for the benefit of the general public does not create a duty of care owed to individuals who happen to benefit from the statutory provisions." *Holodak*, 726 So. 2d at 816. "The responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." *Pollock*, 882 So. 2d at 935.

In *Dixon*, First American sued the St. Lucie County Clerk after losing a suit for failing to discover an incorrectly indexed "claim of interest in land."[1] *Dixon*, 603 So. 2d at 563. The Fourth District noted that Florida's legal system regarding interests in land is predicated on the recording of documents relating to claims of interests and reasoned that because the statutory recording scheme was intended to benefit a

---

[1] A purchaser who relied on First American's representation that title was clear sued First American and prevailed, but the judgment was reversed on direct appeal. *First Am. Title Ins. Co. of St. Lucie Cnty. v. Erskine Fla. Prop.*, 528 So. 2d 1229 (Fla. 4th DCA 1988). The Florida Supreme Court subsequently reversed the appellate court's ruling and reinstated the judgment in favor of the purchaser. *Erskine Fla. Prop. v. First Am. Title Ins. Co. of St. Lucie Cnty.*, 557 So. 2d 859 (Fla. 1989).

definable class of individuals—and not just the general public—"[u]nder Florida's marketable record title law, the proper recording and indexing of claims involving property is a critical and essential component of a valid legal claim to property." *Dixon,* 603 So. 2d at 565. The court found that it is the clerk's proper handling of each document that makes the marketable record title law work and acknowledged that "the clerk has candidly conceded that the function is operational and ministerial."[2] *Id.* Therefore, the court found that sovereign immunity was not a bar to that action against the clerk. *Id.* Furthermore, in *Dixon* the supervisor of the official records for the clerk had acknowledged that office's failure to properly index the notice of claim. *Id.* at 563.

Since deciding *Dixon,* the Fourth District has acknowledged that the holding in *Dixon* may have been based on the clerk's concessions. *Lovett v. Forman,* 883 So. 2d 319, 321 (Fla. 4th DCA 2004). *Lovett* further acknowledged:

> It is difficult to reconcile *Dixon* with *Holodak,* because they both involved public records. *Dixon* is the only case in which recovery has been allowed against the government for a public records error, and no other court has either agreed or disagreed with the *Dixon* finding of a special duty. On the other hand, *Holodak* was recently cited by our supreme court in *Pollack.*

*Lovett,* 883 So. 2d at 321 n.1.

### Analysis

---

[2] "As to the additional requirement that the activity in question be 'operational' rather than 'discretionary' before the governmental entity may be held liable, the clerk has candidly conceded that the function is operational and ministerial under the analysis set out in *Kaisner* [*v. Kolb,* 543 So. 2d 732 (Fla. 1989)] and *Trianon Park* [*Condo. Ass'n v. City of Hialeah,* 468 So. 2d 912 (Fla. 1985)]." *Dixon,* 603 So. 2d at 565.

None of the clerk's concessions in *Dixon* were made by the Clerk here. *Dixon* held that clerks owe a special duty to bona fide purchasers of property, but Manhattan Palms did not allege it was owed a duty as a purchaser of the property at issue. Instead, Manhattan Palms alleged it was injured by *purchasing* the property. Manhattan Palms therefore alleged it was owed a duty from the Clerk *before* purchasing the property, when it reviewed the index to the public records while *contemplating* a potential purchase. Manhattan Palms did not allege (and cannot establish) that it filed the 2008 mortgage that was correctly recorded yet improperly indexed, that it was a party to the mortgage, or that its rights were in any way affected in 2008 when the Clerk recorded, registered, and indexed the mortgage. Instead, Manhattan Palms' claim is that, more than a decade after the mortgage was properly recorded, it was injured because it could not find the mortgage in an index search. Manhattan Palms' claim therefore alleges an injury as a member of the general public hoping to benefit from the information stored in the official records by relying on the index to easily find those records.[3]

Manhattan Palms admits if it had found the Regions mortgage on the subject property it would not have bid on the property and never would have joined the "discernable class" *Dixon* contemplated. Accordingly, even under *Dixon*, when Manhattan Palms relied on the index it did so as a member of the general public and the Clerk owed no duty until the purchase, and when Manhattan purchased the property, the Clerk satisfied its special duty by recording the mortgage consistent

---

[3] Manhattan Palms could have searched the title of the subject property by searching the legal description of the property for encumbrances. It appears that Manhattan Palms did not do so.

with section 695.01, Florida Statutes (2022), just like the Clerk had done in 2008 when the Clerk properly recorded the Regions mortgage.

Because Manhattan Palms was utilizing the index as a member of the general public, sovereign immunity bars its negligence claim against the Clerk. *See Pollock*, 882 So. 2d at 935.

We cannot agree with *Dixon*'s legal conclusion that clerks owe a special duty to every individual using the index to the public records. With respect to our colleagues in the Fourth District, *Dixon* confused *recording* of a document with *indexing* the document: section 695.01 requires recording documents, not indexing them. But by using the two terms interchangeably, *Dixon* departed from the plain language of chapter 695 by holding that clerks owe a special duty to every individual using the *index* to the public records.

## Conclusion

While "the entire Florida legal scheme regarding interests in land is predicated on the recording of documents relating to claims of interests in land," *Dixon*, 603 So. 2d at 564, recording is not indexing. Here, the Clerk owed a duty under section 695.01 to record the Regions mortgage. The Clerk did so. The Clerk owed a duty under section 695.01 to record the Manhattan Palms mortgage. The Clerk did so. The Clerk's obligation to maintain a general alphabetical index under section 28.222(2) was to the benefit of the general public and not any specific individual or identifiable class; therefore, the Clerk's sovereign immunity bars this action, and the trial court denied the Clerk's motion to dismiss in error.

The Clerk satisfied its only statutory duty to Manhattan Palms, which arose under 695.01 and not 28.222(2).

Accordingly, we vacate the order denying the Clerk's motion to dismiss and remand with instructions that Manhattan Palms' lawsuit be

8

dismissed with prejudice.  We also certify conflict with the Fourth District's holding in *Dixon*.

Reversed and remanded; conflict certified.


NORTHCUTT and MORRIS, JJ., Concur.

—————————————————————

Opinion subject to revision prior to official publication.