■ ANTHONY FALCO, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Kings County, entered May 2, 1969, which set aside a jury verdict in favor of plaintiff and dismissed the complaint, and (2) an order of said court dated May 9, 1969, which, granting reargument and reconsideration, adhered to the original decision setting aside the verdict and

dismissing the complaint. Judgment and order affirmed, without costs. " The complaint having been dismissed, this court must, in determining whether the facts proved constitute a cause of action, give the appellant the benefit of every favorable inference which can reasonably be drawn" (*Faber* v. *City of New York*, 213 N. Y. 411, 414). The proof in behalf of plaintiff was that plaintiff, riding a motorcycle, was struck by a motor vehicle and thrown to the ground, sustaining severe injuries. While lying on the ground in pain, he asked a police officer of the City of New York, then present and investigating the accident, to obtain for him the name and license number of the driver of the motor vehicle. The plaintiff testified that the police officer said — "' All right, don't worry about anything.' * * * 'You just lie still.' * * * 'I'll take care of everything. The ambulance is on its way.'" Afterward the plaintiff observed the officer talking with the driver but the officer failed to record the name and address of the driver, thus making it impossible for plaintiff to institute a negligence action against the driver of the automobile. The basic issue is whether defendant city may be held liable for the negligence of a police officer in investigating an accident because of a gratuitous promise made by him to an injured party to obtain the name of another party allegedly involved in the accident, and his failure to perform that promise. In our opinion, the verdict was properly set aside. There was no such relationship on the part of the plaintiff to the defendant as created a duty to use due care for the benefit of particular persons or classes of persons and as imposed liability on the part of the municipality for the negligence of the police officer (*Motyka* v. *City of Amsterdam*, 15 N Y 2d 134; *Riss* v. *City of New York*, 22 N Y 2d 579). Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.