126 N.J. Super. 281 (1973)
314 A.2d 82
WALTER JACKSON, AN INFANT BY AND THROUGH HIS GUARDIAN AD LITEM, LULA REDFERN, AND LULA REDFERN, INDIVIDUALLY, PLAINTIFFS,
v.
RONALD M. HEYMANN, DIRECTOR OF MOTOR VEHICLES, LO BIONDO BROS. MOTOR EXPRESS, INC., A NEW JERSEY CORPORATION; MICHAEL DE MARIA; NATIONAL FREIGHT CO., A NEW JERSEY CORPORATION; GREEN'S EXPRESS, A NEW JERSEY CORPORATION; AND CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS,
v.
CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
SAMUEL CURCIO, SAMUEL DONIO, AND MARK A. DE MARCO, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 19, 1973.
*282 Mr. Mark DeMarco for plaintiffs (Messrs. Donio & DeMarco, attorneys).
Mr. Leonard C. Horn for third-party defendant and third-party plaintiff, the City of Vineland (Messrs. Horn & Weinstein, attorneys).
Mr. Edward Fishman for third-party defendants Samuel Curcio, Samuel Donio and Mark A. DeMarco (Messrs Fishman & Spitalnick, attorneys).
Mr. William P. Doherty, Jr., for defendant Ronald M. Heymann, Director of Motor Vehicles.
Mr. Irwin Kavesh for defendant National Freight Company (Messrs. Kavesh & Basile, attorneys).
Mr. John A. Fratto for defendant Green's Express (Messrs. Bleakly, Stockwell & Zink, attorneys).
Mr. Barry A. Perlow for defendants LoBiondo Bros. and Michael DeMaria (Messrs. Horuvitz & Perlow, attorneys).
GRUCCIO, J.S.C.
This is a personal injury action. The facts, distinctly stated, are that on October 7, 1968 Walter Jackson, a minor, was a pedestrian on the curb at the intersection of Park Avenue and Fourth Street in Vineland, New Jersey. At approximately 8:15 A.M. he was struck by a motor vehicle, as a result of which he sustained injuries. Officers of the Vineland Police Department arrived at the scene and commenced a routine motor vehicle accident investigation. Witnesses and persons in the vicinity were interviewed and a police report was filled out. This investigation indicated that plaintiff had been struck by a tractor and trailer, or an object extending from such a vehicle. However, the police received contradictory reports as to the description of the *283 vehicle. This preliminary investigation was followed by an extensive survey of the local trucking concerns. Unfortunately, this failed to disclose any significant facts since the descriptions obtained by the witnesses did not correspond to any vehicle operating in the vicinity of the accident. Additional witnesses were interviewed during the next four days but all possible leads proved fruitless.
Plaintiff filed suit against the director of Motor Vehicles under the Unsatisfied Claim and Judgment Act. Subsequently, an amended complaint joined LoBiondo Brothers Motor Express, Inc., and one of its drivers, Mr. DeMaria, as defendants. A second amended complaint joined National Freight Company as a defendant, while a third amended complaint joined Green's Express as an additional defendant. The joining of these parties as defendants was apparently based upon their possible involvement in the accident and they are subjects of other motions pending before this court.
The third amended complaint also joined the City of Vineland as a defendant on the ground that its police department had failed to carry out its sworn duty to properly investigate accidents. Plaintiff contends that the city's conduct constitutes malfeasance which permits the city to be held liable for the injuries incurred by plaintiff. He claims that because of the city's conduct he was unable to identify the tortfeasor and therefore denied any possibility of recovering compensation from the tortfeasor.
Finally, the city has filed a third-party complaint against plaintiff's attorneys, Samuel Curcio, Samuel Donio, and Mark A. DeMarco, for a pro rata contribution towards any liability for which it may be held accountable. This complaint alleges that plaintiff's attorneys had the professional responsibility to investigate and determine whether plaintiff had a cause of action. It is the city's contention that their negligent performance of this duty is the cause of any injury sustained by plaintiff.
At the present time there are three pretrial motions before this court: (1) the city has motioned for summary judgment *284 asserting that the plaintiff has failed to set forth a cause of action and that, as a matter of law, his complaint against the city should be dismissed; (2) the third-party defendants' (Curcio, Donio and DeMarco) motion for summary judgment, contending that if the city succeeds on its motion, this will result, as a matter of law, in a judgment on their behalf; (3) plaintiff has motioned for the court to sever the third-party action, claiming that it presents questions of law and issues which would be prejudicial to trying the principal case, while interjecting new issues which should not be tried with the main case. Since the disposition of the city's motion will determine the merits of the other motions, the city's motion will be considered first.
Plaintiff alleges that the city's police department failed to properly investigate the accident and that such conduct has prevented plaintiff from determining the identity of the tortfeasor. The city contends that as a municipality it owes no duty to plaintiff, as a victim, to prosecute a civil action for personal injuries.
The traditional law governing municipal tort liability has been subjected to a great deal of change. Recent cases have expanded liability while the traditional proprietary-governmental test has fallen into dispute. B.W. King, Inc. v. West New York, 49 N.J. 318 (1967). As to possible municipal tort liability, the question is whether or not the municipality is under a duty to act, as distinguished from a situation where the taking of any action is discretionary, or the matter involves the making of a basic governmental policy decision. Hoy v. Capelli, 48 N.J. 81 (1966); Amelchenko v. Freehold, 42 N.J. 541 (1964). Once it is determined that such a duty exists, then the municipality will be held to the standard of reasonable care under the circumstances. Bergen v. Koppenal, 97 N.J. Super. 265 (App. Div. 1967), aff'd 52 N.J. 478 (1968).
The issue before this court is whether a municipality is under a duty to conduct an investigation of an accident in *285 order to assist the victim to recover for any injuries or damages incurred.
Officers of the police department are employees of their municipality and as such the principles of respondeat superior are applicable in cases of affirmative wrongful acts. McAndrew v. Mularchuk, 33 N.J. 172 (1960). However, municipalities are not to be held responsible for every failure of police to act. Bergen v. Koppenal, supra. Therefore, plaintiff must be able to show that the police were under a duty towards him, in order to hold the city liable for negligence.
The police department performs its duties in the interest of the general public. One of its functions is to investigate motor vehicle accidents in order to determine whether there has been a statutory violation. In addition, N.J.S.A. 39:4-131 requires the investigating police officer to file accident reports on forms prepared by the Division of Motor Vehicles, although the contents are not considered to be privileged or confidential. These reports enable the Director to compile data for statistical analysis which will form the basis of recommendations and regulations designed to eliminate dangerous highway conditions, determine the causes of accidents, and promote driving safety. From these reports the Director is able to perform his statutory obligation to "Investigate traffic conditions, means for their improvement and the enforcement of laws and regulations relating to traffic * * *." N.J.S.A. 39:4-6.
In compliance with the statute, police officers file their reports with the Director of Motor Vehicles. They are utilized by the prosecutor's office in cases requiring criminal and quasi-criminal proceedings. However, because of their usual availability, the reports in a vast majority of cases ultimately become a part of the parties' file in civil litigations. It is to be noted that this is a separate and secondary utilization of the reports. There is no statutory mandate requiring preparation of such reports for civil proceedings. The purpose of the reports, from the police officer's position, is not *286 the same as that of a civil investigator. Plaintiff here seeks to place upon each accident investigation by a police officer the duty of a civil law investigator.
Plaintiff, in support of his position, has relied principally upon McAndrew v. Mularchuk, supra. While this case deals with the issue of municipal negligence, liability was held only after the court determined that there was a specific duty for the municipality to act. In McAndrew the court held that a municipality may be accountable in negligence for its failure to adequately train its police officers in the proper handling and use of weapons. "Loaded revolvers are dangerous instruments. Their potentiality of serious injury is such that the law has imposed a duty to employ `extraordinary' care in their handling and use." Id. at 183. Plaintiff's reliance upon McAndrew is misplaced. The McAndrew decision is solely predicated upon the inherently dangerous nature of firearms. In the instant case no such danger exists.
In spite of the near avalanche of municipal negligence cases in our jurisdiction, no prior decision has considered the issue presented by the case at bar. This court is able to gain some insight from a recent New York decision, Falco v. City of New York, 34 A.D.2d 673, 310 N.Y.S.2d 524 (1970), which involved a similar factual situation. In Falco the plaintiff filed a suit for personal injuries by basing his action on the alleged negligence of a city police officer who investigated the plaintiff's accident. The police officer had made a gratuitous promise to the injured plaintiff to obtain the name of the other individual who was allegedly involved in the accident. The officer failed to honor his promise, thus making it impossible for plaintiff to institute a negligence action against the driver of the other vehicle. The trial court set aside the verdict for plaintiff and the Appellate Division affirmed, stating:
There was no such relationship on the part of the plaintiff to the defendant as created a duty to use due care for the benefit of particular persons or classes of persons and as imposed liability on the *287 part of the municipality for negligence of the police officer. [34 A.D.2d at 674, 310 N.Y.S.2d at 525]
It should be noted that Falco presents a more compelling case for plaintiff, for, in addition to the police officer's responsibility to investigate motor vehicle accidents, he had made a gratuitous promise to obtain information for the injured plaintiff.
It is the opinion of this court that, as a matter of law, a municipality does not owe a duty to victims to conduct an investigation of their motor vehicle accidents. Since the city owes no duty to plaintiff, it can not be held answerable to plaintiff in negligence. Brody v. Albert Lifson & Sons, 17 N.J. 383 (1955). This court is unwilling, absent legislation, to extend the police officer's role in the investigation of accidents to that of an investigator for civil litigates. The issues herein presented are solely legal, no factual issues are presented; and summary judgment is a proper vehicle for disposition of this case. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). Therefore, judgment shall be entered in favor of defendant city. This determination of the city's nonliability renders moot the issues submitted by the third-party defendant's motion for summary judgment and plaintiff's motion for severance.