426 So.2d 55 (1983)
NORTHSIDE FIRE EXTINGUISHER SERVICE AND WELDING SUPPLIES, INC., a corporation and Thomas J. Needham, Individually, Appellants,
v.
WILSON DAVIS FORD, INC., a Corporation and Ford Motor Credit Company, a Corporation, Appellees.
No. 82-1107.
District Court of Appeal of Florida, Second District.
January 7, 1983.
Rehearings Denied February 7, 1983.
Ted R. Manry, III of Macfarlane, Ferguson, Allison & Kelly, and Edward J. Hunter, Tampa, for appellants.
Gary W. Nicholson of Carson & Guemmer, Tampa, for appellee Wilson Davis Ford, Inc.
Michael A. Fogarty and Timothy C. Conley of Holland & Knight, Tampa, for appellee Ford Motor Credit Co.
RYDER, Judge.
Northside Fire Extinguisher Service and Welding Supplies, Inc. and Thomas J. Needham appeal from the grant of summary judgment adverse to their actions for defamation. We reverse.
Appellant Northside's complaint alleged in the first two counts breach of contract and implied warranty for a truck purchased from appellee Wilson Davis. Count III was an action by both appellants against both appellees alleging defamation by false reports to credit bureaus that the vehicle in question had been repossessed. Following discovery, Ford and Wilson Davis moved for summary judgment on the third count.
The facts show that appellants purchased a specially fabricated truck frame, cab and motor from Wilson Davis, whose finance agreement was then assigned to Ford Motor Credit. Appellants added a van body, bed and lift gate to the frame. The first time the truck was used in service, the frame bent. Appellants' witnesses testified that the frame bent because it was improperly fabricated. Deposition testimony favorable to appellees indicated that improper addition of the van body and bed caused the problem. The testimony was also in dispute *56 as to whether appellants had told Wilson Davis of all the equipment the truck must carry. Appellants notified appellees of the problems and asked that they be corrected. Appellees took no remedial action. After a time, Needham, as president of Northside, returned the vehicle to Wilson Davis and gave them the keys to the truck. Up and until that time, appellants had made timely payments on the note. In subsequent conversations with representatives of Ford Motor Credit, appellants said that they would not make further payments until the situation was straightened out. A few weeks later, Ford Motor Credit sent notices to three credit bureaus on both appellants, listing the account as an I-8 or repossession. The "voluntary return" and "disputed account" boxes were checked. Under "details," the following was noted: "Cust repaired UNT by Welding + consequently bent frame  now doesn't want unit." Needham testified that prior to the dispute he and his business were never denied credit, but they were denied credit subsequent to the dispute.
The court below entered an order granting the motions of both appellees for summary judgment. We hold that disputed issues of material fact remain as to both appellees, and thus the lower court erred in entering summary judgment. See Davis v. Hathaway, 408 So.2d 688 (Fla. 2d DCA 1982). Taking the facts most favorable to appellants, as we must do in reviewing a grant of summary judgment to appellees, the following occurred. Appellee Wilson Davis sold a defective truck to appellants which failed the first time it was used for its ultimate purpose. Appellants timely revoked their acceptance of the goods delivered upon discovery of the defect. See section 672.608, Florida Statutes (1981). Appellees then stood in breach of the sales contract and appellant Northside had all the remedies provided by section 672.711, Florida Statutes (1981). Under these facts and legal conclusions, the dissemination by Ford Motor Credit of report that the vehicle had been repossessed, with the obvious connotation of serious delinquency of payment by appellants, was defamatory. The report resulted in proven damage to the reputation and business of appellants. Summary judgment was thus improper as to Ford Motor Credit.
Wilson Davis, whose counsel did not appear for oral argument, apparently provided the version of events disseminated by Ford Motor Credit. Additionally, one document entitled "repossession trust receipt" was signed in one place by an officer of Wilson Davis, although the form was filled out by a representative of Ford Motor Credit. We hold disputed issues of material fact remained as to Wilson Davis in whether the version of events given by them to Ford Motor Credit was defamatory and whether Wilson Davis actually characterized to Ford Motor Credit the return of the vehicle as a repossession.
The summary judgment below is REVERSED and the case REMANDED for further proceedings.
SCHEB, A.C.J., and SCHOONOVER, J., concur.