493 So.2d 1119 (1986)
Carla CHESTER, a Minor, by and through Her Parents, and Next Friends, Howard CHESTER and Martha Chester, Individually, Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 86-185.
District Court of Appeal of Florida, Third District.
September 16, 1986.
Robert A. Weiner, Cooper, Wolfe & Bolotin and Sharon Wolfe, for appellants.
*1120 Robert A. Ginsburg, Co. Atty. and William L. Petros, Asst. Co. Atty., for appellee.
Before BARKDULL and HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by the plaintiffs from a final order dismissing their complaint in a negligence action brought against Dade County.
The complaint alleged that the plaintiffs' minor, Carla Chester, was hit by a passing car when she crossed the street after getting ice cream from an ice cream truck; that Dade County dispatched a public service agent to the accident scene to fill out an accident report; that the said agent negligently filled out the accident report by failing to obtain the names of any witnesses to the accident and by omitting certain information concerning the identification of the driver, owner or insurer of the ice cream truck; that Dade County was negligent in failing to properly train the said agent and in using an untrained person, instead of a police officer, for the purpose of filling out the subject accident report; and that, as result of Dade County's negligence, the plaintiffs cannot locate those responsible for the ice cream truck whose negligence was a proximate cause of the plaintiff minor's injuries so as to collect for said injuries.
We affirm the dismissal of the subject complaint. In our view, Dade County owed no underlying common law or statutory duty of due care to the plaintiffs to fill out the subject accident report accurately. Contrary to the plaintiffs' contention, Section 316.066, Florida Statutes (1985)[1], which authorizes the preparation of accident reports, was enacted to benefit the public as a whole, not, as urged, to benefit the victims of accidents so that said victims can pursue civil suits. Indeed, such reports are generally for the confidential use of responsible state agencies in accident prevention planning. See § 316.066(4), Fla. Stat.(1985). Absent an underlying common law or statutory duty of due care, there can be no tort liability attached to Dade County in this case for the negligent preparation of the subject accident report. See Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985); see also Crum v. City of Stockton, 96 Cal. App.3d 519, 157 Cal. Rptr. 823 (Ct.App. 1979) (no liability for negligent report preparation); Jackson v. Heymann, 126 N.J. Super. 281, 314 A.2d 82 (Law Div. 1973) (same); Falco v. City of New York, 34 A.D.2d 673, 310 N.Y.S.2d 524 (App.Div. 1970), aff'd, 279 N.E.2d 854, 29 N.Y.2d 918, 329 N.Y.S.2d 97 (1972) (same). But see Fischer v. Travelers Insurance Co., 429 So.2d 538 (La. Ct. App.), cert. not considered, untimely, 433 So.2d 159 (La. 1983) (liability found for negligent report preparation). Beyond that, we are dubious as to whether the county's employee violated Section 316.066, Florida Statutes (1985), by not securing the name and address of the driver, owner and insurer of the ice cream truck. The complaint herein makes it plain that the ice cream truck was not involved in the subject accident within the meaning of the above statute, and, accordingly, the above information was not required to be included in the subject accident report.
We express no views on the other reasons advanced by Dade County for affirming the final order below.
Affirmed.
NOTES
[1] Section 316.070, Florida Statutes (1985), has no application to this case as it requires an exchange of information at an accident scene and delineates no requirements for an accident report.