504 So.2d 52 (1987)
H. David FRIEDBERG, Appellant,
v.
TOWN OF LONGBOAT KEY, Appellee.
No. 86-1360.
District Court of Appeal of Florida, Second District.
March 18, 1987.
Michael M. Ingram of Crabtree, Sanchez, Parker & Ingram, P.A., Sarasota, for appellant.
Thomas H. Dart of Christiansen, Dehner & Dart, P.A., Sarasota, for appellee.
LEHAN, Judge.
This is an appeal from the dismissal of one count of a third amended third party complaint filed against the Town of Longboat Key for negligent misrepresentation by the municipality's building inspector that a certificate of occupancy had not been issued for a particular condominium unit. We affirm.
As the third party plaintiff argues, the matter of whether or not information from a municipality that a certificate of occupancy had not been issued is correct, which is the subject of the cause of action alleged in this case, is not entirely the same in nature as whether or not a municipality correctly determined that the construction requirements of a building code had been complied with, which was the subject of the alleged cause of action in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). For example, a determination of the type in Trianon involves an element of governmental discretion not present here. But we conclude that an underlying concept of Trianon  that there was no duty under the circumstances *53 of that case to citizens as individuals  similarly applies here. No sufficient basis has been alleged in this case for a duty of the municipality to the third party plaintiff for the breach of which a private cause of action would lie.
Just as building code compliance inspections are for the protection of the public as a whole and not individual citizens, see Trianon, 468 So.2d at 922-23, so also, we conclude, was any responsibility of the municipality here to maintain and provide information from records as to the issuance of certificates of occupancy following inspections for building code compliance. And just as the Florida Supreme Court in Trianon found nothing in chapter 553 ("Building Construction Standards") evincing an intent to give private citizens a right of recovery for negligent inspections, 468 So.2d at 922, so also do we find nothing in chapter 119 ("Public Records") evincing an intent to give private citizens a right of recovery for negligently maintaining and providing information from public records.
We agree with the argument of appellee that if there were such a duty by government to individual citizens under the facts of this case, the door would be opened to potentially multitudinous litigation with respect to the accuracy of information provided by governmental entities concerning a wide range of public records. The potential multiplicity of suits from the judicial establishment of a municipal duty to private citizens was a factor in Trianon weighing against the establishment of such a duty. 468 So.2d at 922. If there is to be such a responsibility, we conclude that it is the province of the legislature, not the courts, to create it. See Trianon, 468 So.2d at 922-23.
We are not saying the records in this case were negligently maintained. We are saying that even assuming arguendo they were, no cause of action was alleged. In Trianon the Florida Supreme Court pointed out that the remedy for faulty building construction lies in an action against the contractor, developer, or seller, rather than against the governmental entity which issued a certificate of occupancy. 468 So.2d at 923. No reason appears why in this case the third party plaintiff, who alleges damages by reason of the loss of his deposit on a purchase contract for the unit when he failed to close the purchase due to the ostensible lack of the certificate of occupancy, could not have looked to the seller, who was the condominium developer, for accurate certificate of occupancy information and proof thereof.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.