510 So.2d 1198 (1987)
CITY OF TARPON SPRINGS, Appellant,
v.
Patrick GARRIGAN and Deborah Garrigan, His Wife, Appellees.
No. 86-2878.
District Court of Appeal of Florida, Second District.
August 12, 1987.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for appellant.
Robert M. Petrillo of Bauer, Koch, Platte and Mariani, Clearwater, for appellees.
CAMPBELL, Judge.
Appellant, City of Tarpon Springs, appeals the final summary judgment entered against it in favor of appellees, Patrick and Deborah Garrigan. Appellant raises two issues on appeal, the first being that the trial court erred in denying its motion to dismiss appellees' complaint for failing to state a cause of action. Since we agree with appellant on that issue, we are not required to reach appellant's second issue as to whether there existed genuine issues of material fact so as to prevent entry of summary judgment.
Appellees' complaint below sought damages from appellant for its alleged negligent furnishing of incorrect information regarding National Flood Insurance Program (NFIP) elevation requirements for construction in coastal hazard areas. Prior to building two homes, appellees had asked the head of appellant city's building department, its building inspector, for the NFIP elevation and rating requirements.
The NFIP was created by Congress in 1968 to provide a nationwide program of flood insurance for property owners in flood areas and to encourage sound local land use policies to minimize flood damage. The NFIP did not create any independent duties on the part of local government units running to any individual citizens or class of citizens. The NFIP furnished appellant with a map which appellant displayed in its building department to assist *1199 NFIP in overseeing building construction in flood areas so as to allow such builders to qualify with the Federal Insurance Administration for flood insurance coverage.
Flood elevation requirements furnished from time to time by the Federal Emergency Management Agency (FEMA), in connection with NFIP, were reflected on the map furnished to appellant and displayed in its building department. Persons requesting information from appellant's building department on flood elevation requirements would be referred to the map furnished by NFIP. As revisions were made by the federal agencies from time to time in the NFIP requirements pertaining to flood elevation levels, the revisions would be sent to appellant's engineering department or its city manager and then forwarded to its building department in order that the revisions could be reflected on the map.
Appellant's engineering department received such a revision of minimum flood elevation requirements on September 16, 1981, to become effective October 1, 1981. Thereafter, but prior to the time the revisions reached appellant's building department and were reflected on the map, appellees inquired of appellant's building department for information on flood elevation levels. Appellant's building inspector, the head of its building department, not being aware of the recent revision by the federal agencies, referred appellees to the map on the wall that he believed contained the current information on flood elevation levels.
Thereafter, on November 24, 1981 and December 3, 1982, appellant issued building permits to appellees who then constructed the two homes. Appellant issued certificates of occupancy for the two homes. When appellees applied to the Federal Insurance Administration for flood insurance coverage, they were refused such coverage because the homes were below the minimum flood elevation requirements that were revised effective October 1, 1981. Appellees thereafter filed their complaint seeking damages from appellant for negligent misrepresentation. The trial court entered summary judgment for appellees in the amount of $77,302.76.
The trial court found that appellant's sovereign immunity had been waived by the enactment of section 768.28, Florida Statutes (1983). We disagree because we conclude there was no underlying or preexisting common law or statutory duty of care that was revived by the waiver provided in section 768.28. Section 768.28 created no new causes of action against governmental entities. It merely eliminated the government's immunity from existing common law torts. Neither did the federal NFIP enactment create any independent duty of care on the part of appellant.
Appellees argue that appellant should be held liable as a volunteer on the basis that once it chose to act, it had a duty to do so nonnegligently. Yet, as this court concluded under similar facts in Friedberg v. Town of Longboat Key, 504 So.2d 52 (Fla. 2d DCA 1987), appellant's only responsibility was to the public and there was no special duty owed to appellees as individuals. We also held in Friedberg that we could find no right of recovery for private citizens against a municipality for negligently maintaining and providing information from public records. Appellant did not volunteer to act as an information source for the federal programs. It did so as part of its function as a municipality. Nothing prevented appellees from looking to the federal agencies who were directly responsible for establishing the information appellees sought from appellant.
Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985) is almost directly on point. There, the supreme court held that the City of Hialeah could not be held liable in damages to individual property owners for damage that occurred because certain building defects were not discovered by the city's building inspectors. The Trianon Park decision holds that enforcement of building codes are discretionary functions of government inherent in the act of governing.
Appellant's building inspector furnishing appellees with incorrect information regarding federal flood insurance program requirements is indistinguishable from a *1200 city's mistakes or omissions in enforcing its own building code. Both are discretionary functions peculiar to government and there can be no liability imposed upon a city because of the manner of performance of those functions. Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983), aff'd., 468 So.2d 936 (Fla. 1985).
We, therefore, reverse and remand for entry of judgment granting appellant's motion to dismiss appellees' complaint for failure to state a cause of action.
SCHEB, A.C.J., and SCHOONOVER, J., concur.