HARRIS, Chief Judge.
Appellants, Ronald Hummel and Sara Hummel, timely appeal from a final judgment in favor of appellee, City of Sanford.
Appellants, the owners of a lot in Sanford, Florida, entered into a construction contract with Stenstrom-Stump Construction and Development Corporation for the construction of a home. The contract included site and elevation preparation. Before beginning construction, it was necessary for appellants to acquire a building permit from the City of Sanford and to pay a fee for the application, Stenstrom-Strump, on behalf of appellants, *1240 submitted plans to the City of Sanford for approval. The City approved the submitted plans and issued a building permit.
Upon completion of the construction, the City issued a certificate of occupancy and appellants moved into their home. Soon thereafter, however, stormwater entered the house causing physical damage to the residence and contents.
Appellants sued Stenstrom-Strump Construction and David Strump individually alleging fraud, breach of contract, negligent misrepresentation, and negligence. They asserted that the contractor either intentionally or negligently misrepresented the elevation and/or drainage capability of the property so that the construction plans would be approved.
Appellants then filed an amended complaint adding the City of Sanford as a party defendant. They alleged liability on the part of the City for its negligence in approving the plans, performing construction inspections and operating its stormwater drainage system. Appellants also sued for breach of the City’s warranties contained in the certificate of occupancy. The City filed a motion to dismiss the complaint, asserting that they owed no duty to appellants, that the complaint failed to contain sufficient allegations of any contractual relationship between the City and appellants, and that appellants’ claims were barred by sovereign immunity.
We find that the count dealing with the City’s negligence in approving the plans and inspecting the construction and the count involving the purported warranties contained in the certificate of occupancy must fail because of the holding in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). The court stated its policy clearly:
We find that the enactment of a statute giving a governmental entity the power to enforce compliance with the law does not, in and of itself, give individuals a new right of action that previously never existed. There is no question that the legislature has the power to create such a cause of action, but we find no such intent in the particular act which provided for the establishment of building codes in this state. We find no indication that chapter 553 was intended as a means to guarantee the quality of buildings for individual property owners or developers. We find that the enforcement of building codes and ordinances is for the purpose of protecting the health and safety of the public, not the personal or property interests of individual citizens.... The government clearly has no responsibility to protect personal property interests or ensure the quality of buddings that individuals erect or purchase.
Trianon, 468 So.2d at 922-923.
Victoria Village “G” Condominium Association v. City of Coconut Creek, 488 So.2d 900 (Fla. 4th DCA), rev. denied, 497 So.2d 1218 (Fla.1986), and Friedberg v. Town of Longboat Key, 504 So.2d 52 (Fla. 2d DCA 1987), stand for the same proposition as Trianon. We recognize that there is a distinction between these cases and the case before us. In all three of the previous cases, the plaintiffs came along after the issuance of the certificate of occupancy. They had no direct privity with the defendant municipality and could show no special duty owed them by the municipality. In our case, the plaintiffs-paid to the City a fee for the services to be rendered by the City. It is alleged that the City negligently failed to require the submitted plans to comply with applicable code provisions. We acknowledge that if the owner had contracted with a private company to perform this service (another engineering firm to confirm that the plans submitted by the contractor complied with the code requirements), there would have been liability if such private company negligently performed its work. Trianon, however, exempts the City from this type of liability.
It appears, however, that appellants may be able to state a cause of action against the City based on its alleged failure to maintain and operate its stormwater drainage system. Slemp v. City of North Miami, 545 So.2d 256 (Fla.1989). While we agree that the present allegations are insufficient to state a cause of *1241 action,[1] nevertheless, appellants should be permitted to amend the complaint, if they can, in order to bring this action -within the rationale of Slemp.
AFFIRMED in part, REVERSED in part and REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.

. For example, the complaint does not indicate that the City's stormwater drainage system failed to operate as it was intended or merely that the present system was not designed to protect houses built below the standards required by the applicable codes. If Appellants’ complaint is that the stormwater drainage system did not protect them because they built on a low lot at a finished floor elevation less than the code required, then clearly they cannot bring themselves under the Slemp decision.