658 So.2d 1144 (1995)
MARTIN COUNTY, a political Subdivision of the State of Florida, Appellant,
v.
INDIANTOWN ENTERPRISES, INC., Appellee.
No. 93-3577.
District Court of Appeal of Florida, Fourth District.
August 2, 1995.
Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, for appellant.
Robert Parenti and F. Shields McManus of Gary, Williams, Parenti, Finney, Lewis & McManus, Stuart, for appellee.
FARMER, Judge.
We reverse a judgment awarding damages for the destruction of a building allegedly caused by the failure of Martin County to put *1145 a "hold" on the County's previous demolition order. The building in question was found by Martin County inspectors to be out of compliance with applicable building code requirements. They in turn gave due and proper notice to the owner to repair the building or the County would demolish it.
The problems began when the owner sold the building shortly after receiving the notice. The buyer knew of the August 23rd notice and that he had 30 days to obtain the permit. He was advised by his attorney that he should make immediate application. Instead he undertook to arrange for additional time to effect the repairs.
Section 6-54 of the County regulations specifies that the time for completing repairs or suffer a demolition may be extended only "for cause by appeal to the board of building adjustments and appeals." Instead the buyer decided to seek the extension by having his architect telephone the County offices. The architect spoke to the County's Building Administrator on August 25th, who told him that the 30-day deadline could be extended if the owner contacted the department and satisfied them that the renovations would be accomplished within a short period.
On November 1st, the owner's architect visited the Building Department and spoke to "a technician," showing him a set of plans for renovations. The technician told the architect that the 30-day repair order would be extended indefinitely so long as progress was being made on the renovating. The buyer's lawyer spoke to a code enforcement officer, who told the lawyer that "the status on this file is it's on hold." The Administrator placed a temporary hold on the demolition but later told the code enforcement officer to proceed with the demolition because nothing was being done with the property.
The buyer made no attempt to appeal to the Board for an extension of the demolition order. The County sent no further notices. On November 20th, or little less than 3 weeks after that "extension," however, the County demolished the building. A jury awarded the buyer $32,000 on his theories of negligence and promissory estoppel, but found the buyer 35% negligent also. The judge refused to reduce the award by the comparative negligence.
We agree with Martin County that it was entitled to a directed verdict on both theories. The negligence theory was based on the contention that the county employees had given the buyer incorrect information as to the extension and the status of the "hold." As the second district held in City of Tarpon Springs v. Garrigan, 510 So.2d 1198 (Fla. 2d DCA 1987):
"[The City's] building inspector furnishing [the plaintiffs] with incorrect information regarding federal flood insurance program requirements is indistinguishable from a city's mistakes or omissions in enforcing its own building code. Both are discretionary functions peculiar to government and there can be no liability imposed upon a city because of the manner of performance of those functions." [c.o.]
510 So.2d at 1199-1200. The buyer further had no right to rely on oral conversations with department officials as to an extension of the demolition order. The code of regulations plainly set out the exclusive method for seeking such extensions. When an owner bypasses a formal remedy in connection with the enforcement of building regulations, and instead seeks an informal remedy with county officials, the failure of the informal remedy may not be later assailed as negligence by the county. Informal accommodation by county officials in the enforcement of building regulations cannot create enforceable duties to make out a cause of action in negligence.
Similarly, the failure of the county to continue the "stay" indefinitely cannot be the basis of an estoppel. We agree with Alachua County v. Cheshire, 603 So.2d 1334 (Fla. 1st DCA 1992), that the theory of estoppel requires "affirmative conduct" by the governmental entity, not merely negligence. See also Monroe County v. Hemisphere Equity Realty Inc., 634 So.2d 745 (Fla. 3d DCA) (act giving rise to estoppel must include positive act by official of government on which aggrieved party reasonably relied), rev. denied, 645 So.2d 455 (Fla. 1994).
*1146 And even if it could be said that the conduct of the Martin County officials here was properly characterized as affirmative or positive conduct, we do not agree that the buyer could reasonably rely on the actions of the officials, particularly in view of the clear directive of the county regulations as to extensions of demolition orders. Courts usually shrink from finding an estoppel against a governmental entity where the actions of the official are unauthorized or unlawful. See Corona Properties of Florida v. Monroe County, 485 So.2d 1314 (Fla. 3d DCA 1986), and Enderby v. City of Sunrise, 376 So.2d 444 (Fla. 4th DCA 1979).
REVERSED.
STONE and STEVENSON, JJ., concur.