730 So.2d 367 (1999)
HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, Appellant,
v.
John MORRIS and Eastern Gulf Construction Company, Inc., Appellees.
No. 98-01868.
District Court of Appeal of Florida, Second District.
March 26, 1999.
Rehearing Denied April 13, 1999.
Robert E. Brazel, Assistant County Attorney, Tampa, for Appellant.
Paul R. Pizzo and Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellees.
WHATLEY, Judge.
Hillsborough County appeals the final judgment finding it liable to John Morris and Eastern Gulf Construction Company, Inc. (collectively referred to as the Developer) for damages incurred when the Developer had to construct a water main that an incorrectly-labeled County utility map showed to be in existence. We reverse.
The Developer filed an amended complaint alleging that in preparing a preliminary site *368 plan for a subdivision it was developing, it relied upon a utility map provided by the County which showed the presence of a water main that would be the point of connection for the subdivision's water supply. During construction, the Developer discovered that the water main did not in fact exist. It was learned that the map relied upon by the Developer was a design map that had been mislabeled by the County as an as-built map. The County informed the Developer that it would have to construct the water main at its own expense. As a result, the Developer filed an action against the County for negligence and misrepresentation. The final judgment in the Developer's favor was entered after the Developer's motion for partial summary judgment regarding liability was granted and the County's motion for summary judgment based on sovereign immunity was denied.
The trial court erred in denying the County's motion for summary judgment because the Developer's cause of action is barred by the doctrine of sovereign immunity. "[F]or there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." Trianon Park Condominium v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985). The Developer has pointed to no common law or statutory duty on the part of the County regarding the dissemination of information concerning the location of water mains. Chapter 153, which authorizes counties to purchase and/or construct water supply systems, § 153.03(1), Fla. Stat. (1997), reveals no intent on the part of the legislature to give private citizens a right of recovery for negligence or misrepresentation in connection with the County's providing of such information. In fact, in calling for the liberal construction of chapter 153, the legislature states that the chapter is "necessary for the welfare of the inhabitants of the several counties of the state...." § 153.20(1). Furthermore, "Florida courts have consistently declined to hold governmental entities liable for a failure to maintain and provide accurate information in public records." Layton v. Department of Highway Safety & Motor Vehicles, 676 So.2d 1038, 1040 (Fla. 1st DCA 1996). See City of Tarpon Springs v. Garrigan, 510 So.2d 1198 (Fla. 2d DCA 1987) (holding that city is not liable for building inspector's furnishing of incorrect information regarding federal flood insurance program requirements); Friedberg v. Town of Longboat Key, 504 So.2d 52 (Fla. 2d DCA 1987) (holding that town is not liable for building inspector's furnishing incorrect information regarding issuance of certificate of occupancy).
Accordingly, we reverse the judgment entered in favor of the Developer and remand with directions that judgment be entered in favor of the County.
Reversed and remanded.
PARKER, C.J., and DANAHY, PAUL W., (Senior) Judge, concur.