NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITY OF DUNEDIN,    )
    )
    Appellant,    )
    )
v.    )    Case No.  2D17-3017
    )
PIRATE'S TREASURE, INC. and    )
MATTHEW CAMPBELL,    )
    )
    Appellees.    )
    )

Opinion filed April 13, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Cynthia J. Newton, Judge.

Jay Daigneault and Randol D. Mora of
Trask Daigneault, LLP, Clearwater, for
Appellant.

Keathel Chauncey and David J. Melvin of
Fresh Legal Perspective, PL., Tampa, for
Appellee Pirate's Treasure, Inc.

No appearance for Appellee Matthew
Campbell.


LaROSE, Chief Judge.

The City of Dunedin appeals the trial court's nonfinal order denying its

motion to dismiss the negligent misrepresentation claim asserted against it by Pirate's

Treasure, Inc.[1]  The trial court found, as a matter of law, that the City was not entitled to sovereign immunity on this claim.[2]  We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(C)(xi), 9.030(b)(1)(B); see also Miami-Dade County v. Pozos, 42 Fla. L. Weekly D2063, D2064 (Fla. 3d DCA Feb. 15, 2017) (dismissing appeal from an order denying the County's motion for summary judgment where "[t]he trial court . . . did not declare, make a finding, or otherwise determine that, as a matter of law, the County was not entitled to sovereign immunity").  Because the City owed neither a common law nor statutory duty of care to Pirate's Treasure, we reverse.

## Background

In 2006, representatives of the parties met to review a preliminary conceptual site plan.  Pirate's Treasure wanted the City to approve its efforts to renovate its commercial property to accommodate a refurbished marina and a new restaurant.  At the meeting, Mr. Campbell allegedly reminded Pirate's Treasure of the necessary processes that had to be completed and the various approvals required before Pirate's Treasure could commence construction.  The City alerted Pirate's Treasure to the procedures set forth in the City's publicly-available development code, and the regulations guiding the growth and development of land uses within the City.  Pirate's Treasure contends that the meeting was simply to determine whether each

---

[1]Appellee, Matthew Campbell, was employed by the City at the time of the events giving rise to Pirate's Treasure's claims.  Although named along with the City as a codefendant below, he has taken no part in the appellate proceedings.  See Fla. R. App. P. 9.020(g)(2) (defining an appellee as "[e]very party in the proceeding in the lower tribunal other than an appellant").

[2]In a separate order, the trial court dismissed Pirate's Treasure's fraud claim against the City.  That order is not before us.

renovation "would be allowed" as a permitted or a conditional use under the development code. Pirate's Treasure suggests that the City's final approval of the project was never in question.

Allegedly, Pirate's Treasure relied on representations made by Mr. Campbell and other City employees at the review meeting to begin preparing a costly and time-consuming site plan that would comply with the development code. In November 2007, Pirate's Treasure submitted its final site plan, which the City's engineering department approved in August 2009.

In September 2009, however, the City informed Pirate's Treasure of its concerns with the proposed restaurant's square footage and the sufficiency of parking. Pirate's Treasure demanded final approval of the site plan, claiming that the City had never raised these issues before. Later, in December 2009, the parties agreed that the site plan for the marina redevelopment and restaurant would be separated so as not to cause "undue further hardship" to Pirate's Treasure. In May 2010, the City approved the site plan for the marina redevelopment. In April 2011, the City informed Pirate's Treasure that its application for the site plan approval for the restaurant was considered terminated; a new application needed to be submitted, in compliance with a revised development code that became effective in December 2010.

In response, Pirate's Treasure sued the City in September 2011. It filed an amended complaint in September 2016 to add claims of fraud and negligent misrepresentation against the City and Mr. Campbell. Pirate's Treasure alleged that the City and Mr. Campbell "knew or should have known the falsity of such

misrepresentations" regarding its repeated assurances to Pirate's Treasure "that the site plan was approved on multiple occasions."  Pirate's Treasure contended that the City and Mr. Campbell engaged in a bait-and-switch, with "such misrepresentations [made] in order to induce [Pirate's Treasure] into beginning construction on the Marina Development."  The City moved to dismiss the amended complaint on the grounds that it was immune from the fraud and negligent misrepresentation counts.  The trial court held a hearing on the City's motion and issued two orders.  The first dismissed the fraud claim with prejudice.  The second order denied, as a matter of law, the City's motion to dismiss the negligent misrepresentation claim.  The City appeals from this second order.

## Analysis

The City argues that the trial court should have granted its motion to dismiss the negligent misrepresentation claim on sovereign immunity grounds.  The City contends that Pirate's Treasure's pleadings impute the actions of a city employee against the City.  Consequently, according to the City, the claims are barred by section 768.28(9), Florida Statutes (2011), because the pleadings incorporate "allegations that the City's negligence was the result of an employee's bad faith, malicious purpose, or wanton disregard for property."  We reject this argument.  The separate counts against the City and its employee are pleaded sufficiently and could stand independently.  We comment no further on this argument.

We address in greater detail the City's argument that, as a sovereign state entity, it is immune from liability on Pirate's Treasure's negligent misrepresentation claim

- 4 -

because it owed Pirate's Treasure no duty to enforce, interpret, or provide reliable information concerning compliance with the City's development code.

The parties frame the issue before us as whether sovereign immunity shields the City from liability. See Town of Gulf Stream v. Palm Beach County, 206 So. 3d 721, 725 (Fla. 4th DCA 2016) ("Sovereign immunity protects the sovereign from being sued without its consent." (citing City of Fort Lauderdale v. Israel, 178 So. 3d 444, 446 (Fla. 4th DCA 2015))); see also § 768.28(2), Fla. Stat. (2017) (including municipalities as being among those state entities entitled to sovereign immunity).

The parties conflate the issues of tort liability and sovereign immunity. As noted earlier, the City claims entitlement to sovereign immunity because it owes no duty to Pirate's Treasure. However, there is a significant distinction "between a lack of liability under established tort law and the presence of sovereign immunity." Wallace v. Dean, 3 So. 3d 1035, 1044 (Fla. 2009). As the Florida Supreme Court observed, "[w]hen addressing the issue of governmental liability under Florida law, we have repeatedly recognized that a duty analysis is *conceptually distinct* from any later inquiry regarding whether the governmental entity remains sovereignly immune from suit notwithstanding the legislative waiver present in section 768.28, Florida Statutes." Id. (footnote omitted). In other words, "[i]f no duty of care is owed with respect to alleged negligent conduct, then there is no governmental liability, and the question of whether the sovereign should be immune from suit need not be reached." Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 932 (Fla. 2004); see also Wallace, 3 So. 3d at 1045 ("[T]he presence of sovereign immunity does not render the State's actions

- 5 -

nontortious[;] it simply means that the State has not consented to suit in its courts with regard to certain claims[ ]. In contrast, the absence of a duty of care renders the defendant nonliable as a matter of law because his, her, or its actions are therefore nontortious vis-à-vis the plaintiff." (emphasis omitted)). "[T]he absence of a duty of care between the defendant and the plaintiff results in *a lack of liability, not* application of immunity from suit." Wallace, 3 So. 3d at 1044.

"[F]or there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." Hillsborough County v. Morris, 730 So. 2d 367, 368 (Fla. 2d DCA 1999) (alteration in original) (quoting Trianon Park Condo. Ass'n v. City of Hialeah, 468 So. 2d 912, 917 (Fla. 1985)). And, "whether a 'duty of care' exists is a question of law to be determined solely by the [trial] court. . . . We review that legal determination de novo." L.A. Fitness Int'l, LLC v. Mayer, 980 So. 2d 550, 557 (Fla. 4th DCA 2008) (citation omitted).

The City bears no statutory or common law duty to furnish Pirate's Treasure information regarding its city code. See Hillsborough County, 730 So. 2d at 368 (finding that the county had no duty "regarding the dissemination of information concerning the location of water mains"). And Pirate's Treasure alerts us to none. "In fact, Florida courts have consistently declined to hold governmental entities liable for a failure to maintain and provide accurate information in public records." Layton v. Dep't of Highway Safety & Motor Vehicles, 676 So. 2d 1038, 1040 (Fla. 1st DCA 1996). The disinclination of Florida courts to attach liability to sovereign entities has even been

extended to instances involving the active dissemination of inaccurate information.  See, e.g., City of Tarpon Springs v. Garrigan, 510 So. 2d 1198, 1199-1200 (Fla. 2d DCA 1987) (holding that the city was not liable for building inspector's "alleged negligent furnishing of incorrect information" regarding federal flood insurance program requirements); Friedberg v. Town of Longboat Key, 504 So. 2d 52, 53 (Fla. 2d DCA 1987) (holding that the town was not liable for allegedly furnishing incorrect information concerning the issuance of a certificate of occupancy); Storm v. Town of Ponce Inlet, 866 So. 2d 713, 715 (Fla. 5th DCA 2004) ("[T]he government owes no duty to individual members of the public for giving out accurate information . . . .").  The City, therefore, does not owe a duty to convey accurate information concerning whether Pirate's Treasure's site plan complied with the City's development code.

Because we determine that the City did not owe Pirate's Treasure a duty of care, we proceed no further in analyzing whether sovereign immunity prevents Pirate's Treasure's negligent misrepresentation claim.  See Wallace, 3 So. 3d at 1044 ("[I]f a duty of care is owed, it must then be determined whether sovereign immunity bars an action for an alleged breach of that duty." (quoting Pollock, 882 So. 2d at 933)); McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992) (stating that the 'duty' element of a negligence action "is a minimal threshold legal requirement for opening the courthouse doors" (emphasis and footnote omitted)).

## Conclusion

Because the City owed no common law or statutory duty of care to Pirate's Treasure, we conclude that the City is not liable to Pirate's Treasure on the negligent misrepresentation claim.  See Manfre v. Shinkle, 184 So. 3d 641, 645 (Fla. 5th DCA

2016) ("[A]s a threshold matter, there can be no governmental liability unless a common law or statutory duty of care was owed to the injured party." (citing <u>Wallace</u>, 3 So. 3d at 1044-45)).

Reversed.


VILLANTI and CRENSHAW, JJ., Concur.