# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1199
Lower Tribunal No. 15-21793
_____

## City of Sweetwater,
Appellant,

vs.

## Richard Pichardo,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Michael R. Piper (Fort Lauderdale), for appellant.

Mesa Litigation & Legal Consulting, P.A., and Carlos A. Mesa, for appellee.

Before LOGUE, LOBREE and BOKOR, JJ.

LOGUE, J.

The City of Sweetwater appeals a nonfinal order denying its motion for summary judgment based on sovereign immunity.[1] Because the City owed no duty of care under the facts of this case, we reverse and remand for the trial court to grant the City's motion for summary judgment.

**Background**

The factual and procedural background is summarized from a prior appeal of this case:

> The City hired appellee Pichardo as a police officer. After he started employment, the City's Mayor allegedly told Pichardo that he had been promoted to Lieutenant. About fifteen months later, the police chief sought to terminate Pichardo. Pichardo asked for the opportunity to resign instead. He was allowed to resign. After he left the City's employ, Pichardo reviewed his personnel file. He alleges that only then did he learn he had not been promoted to Lieutenant. Instead, his file revealed he was a full-time police officer with the rank of acting Lieutenant.
>
> In 2015, Pichardo filed a complaint for negligent misrepresentation in the circuit court, alleging that, but for the Mayor's misinformation, Pichardo would not have resigned; instead, he would have taken advantage of a police officer's procedural protections under the City's collective bargaining

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(F)(iii) (providing for review of nonfinal orders that "deny a motion that . . . asserts entitlement to sovereign immunity"); see also School Bd. of Miami-Dade Cnty. v. City of Mia. Beach, 317 So. 3d 1203, 1205 (Fla. 3d DCA 2021) ("Based on the newly amended rule, 'our jurisdictional inquiry now focuses not on the challenged order, but rather on the motion that the order adjudicates.'" quoting City of Sweetwater v. Pichardo, 314 So. 3d 540, 542 (Fla. 3d DCA 2020)); City of Dunedin v. Pirate's Treasure, Inc., 255 So. 3d 902, 904–05 (Fla. 2d DCA 2018) (accepting jurisdiction when first step of examination regarding sovereign immunity involved review of existence of legal duty, although finding of no duty meant no further analysis was required).

2

agreement and Florida statutes as to his termination. These protections, allegedly, were not available to one with the rank of Lieutenant, but were available to one with the rank of acting Lieutenant.

The operative complaint is the third amended complaint. The City moved to dismiss it on the ground that the City owed no tort duty to Pichardo. The motion came before the trial court for hearing on July 29, 2020, and on the same day, the trial court entered the challenged order denying the City's motion. While the City's motion did not assert entitlement to sovereign immunity, the trial court's otherwise unelaborated order denying the City's motion included the following sentence: "Defendant is not entitled to sovereign immunity as a matter of law."

Pichardo, 314 So. 3d at 541–42.

We dismissed the City's prior appeal from that order because the City's motion to dismiss did not assert its entitlement to sovereign immunity in order to confer jurisdiction upon this court under the amended rule of appellate procedure. Fla. R. App. P. 9.130(a)(3)(F)(iii). The City then filed a motion for summary judgment asserting that it owed no duty of care to Pichardo and that it was otherwise entitled to sovereign immunity from suit. The trial court denied the City's motion finding that a common law duty of care exists, and that the City was not immune from suit by virtue of the limited waiver of sovereign immunity under section 768.28, Florida Statutes. The City timely appealed from that order.

3

## Analysis

"A duty of care is 'a minimal threshold legal requirement for opening the courthouse doors.'" Wallace v. Dean, 3 So. 3d 1035, 1046 (Fla. 2009) (quoting McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992)). "The existence of a legal duty is a question of law for determination by the court, and we review de novo the trial court's rulings on that issue." Kamal-Hashmat v. Loews Mia. Beach Hotel Operating Co., 300 So. 3d 270, 272 (Fla. 3d DCA 2019) (citing McCain, 593 So. 2d at 502).

We have previously stated that "[w]hile the non-existence of a legal duty may, in certain cases, be related to whether a municipality enjoys sovereign immunity from a particular claim, the two concepts are distinct." Pichardo, 314 So. 3d at 542; see also Sanchez v. Miami-Dade Cnty., 286 So. 3d 191, 192 (Fla. 2019) ("[D]uty and sovereign immunity are not to be conflated."); Pirate's Treasure, 255 So. 3d at 904 ("[T]here is a significant distinction 'between a lack of liability under established tort law and the presence of sovereign immunity.'" quoting Wallace, 3 So. 3d at 1044). "If no duty of care is owed with respect to [the] alleged negligent conduct, then there is no governmental liability, and the question of whether the sovereign should be immune from suit need not be reached." Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 932 (Fla. 2004) (citations omitted). Simply

4

put, "the absence of a duty of care between the defendant and the plaintiff results in *a lack of liability, not* application of immunity from suit." Wallace, 3 So. 3d at 1044–45 (citation omitted).

Our high court has stated that "for there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." Trianon Park Condo. Ass'n v. City of Hialeah, 468 So. 2d 912, 917 (Fla. 1985); see also Clerk of Cir. Ct. & Comptroller of Collier Cnty. v. Doe, 292 So. 3d 1254, 1259 (Fla. 2d DCA 2020) ("[I]n the absence of a statute or common law creating a governmental duty of care, an individual cannot pursue a cause of action for negligence against a governmental entity."). With this framework in mind, we turn our analysis to the threshold question: Does the City owe a common law or statutory duty of care to Pichardo under the facts alleged in the complaint?

The crux of Pichardo's complaint is that but for the inaccurate statement by the City's then mayor that Pichardo had been promoted to full-time police lieutenant, Pichardo would not have resigned when faced with termination, thereby forfeiting the rights afforded to full-time police officers. Pichardo has not pointed us to any statute that imposes a duty on the City to provide accurate information under such facts, and we have found none.

Therefore, the only avenue available for Pichardo to pursue his negligent misrepresentation claim is if the City owed a common law duty of care.

Florida courts have been disinclined to find municipalities and other sovereign entities liable for the preparation, maintenance, and "active dissemination of inaccurate information." Pirate's Treasure, 255 So. 3d at 905 (holding that a city bears no statutory or common law duty to furnish "accurate information" regarding the city's development code to a property owner).[2] We view this line of cases as determinative of the question before us. The City's mayor owed no common law or statutory duty of care to provide Pichardo accurate information regarding his employ with the City. In the absence of a duty of care, there can be no governmental liability imposed upon the City for the alleged negligent misrepresentation of such information.

---

[2] See, e.g., Layton v. Fla. Dep't of Highway Safety & Motor Vehicles, 676 So. 2d 1038, 1041 (Fla. 1st DCA 1996) (holding that the State has no common law or statutory duty to a licensed driver to "accurately maintain motor vehicle records"); City of Tarpon Springs v. Garrigan, 510 So. 2d 1198, 1199–1200 (Fla. 2d DCA 1987) (holding that the city's building inspector was not liable to plaintiffs for the "alleged negligent furnishing of incorrect information" regarding the federal flood insurance program requirements); Chester v. Metro. Dade Cnty., 493 So. 2d 1119, 1120 (Fla. 3d DCA 1986) ("Absent an underlying common law or statutory duty of due care, there can be no tort liability attached to Dade County in this case for the negligent preparation of the subject accident report.").

We recently addressed a similar issue in the contract context. In <u>City of Miami Firefighters' & Police Officers' Retirement Trust & Plan v. Castro</u>, 279 So. 3d 803 (Fla. 3d DCA 2019), city pension administrators advised members of the firefighters and police officers pension plan, prior to the adoption of a fiscal emergency ordinance, that to preserve their vested pension benefits they had to either retire or enter the city's DROP[3] plan. This mistaken advice resulted in city employees prematurely retiring and adversely affecting their retirement benefits. <u>Id.</u> at 805–06. We reviewed the city's pension ordinances and held that the administrators did not breach a contractual duty when their staff provided the plaintiffs with "poor advice" regarding the financial emergency ordinance and the resulting impact on the plaintiffs' retirement benefits. This holding reflected our unwillingness to impose "an express contractual duty guaranteeing the accuracy of advice provided to pension beneficiaries on pending legislation." <u>Id.</u> at 808. We also emphasized that "municipal employees routinely provide advice to their colleagues and the public without meaning to waive sovereign immunity, even when the advice is mistaken." <u>Id.</u> Our analysis in <u>Castro</u> can be similarly applied here in the tort context.

---

[3] DROP is an acronym for Deferred Retirement Option Program.

**Conclusion**

Because the City of Sweetwater owed no common law or statutory duty of care to convey accurate information to Pichardo regarding his employment rank, the City is free from governmental liability as to Pichardo's negligent misrepresentation claim. Accordingly, we reverse the trial court's order and remand for the court to grant summary judgment in favor of the City.

Reversed and remanded with instructions.